IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIDDELL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) |
| KRANOS CORPORATION, d/b/a SCHUTT SPORTS | ) **Jury Trial Demanded** ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Riddell, Inc. ("Riddell" or "Plaintiff") alleges the following claims against Defendant Kranos Corporation d/b/a Schutt Sports, Inc. ("Schutt" or "Defendant"):

## THE PARTIES

1. Plaintiff Riddell is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois, 60018.

2. Riddell is a leading supplier of protective sports equipment, including football helmets.

3. Upon information and belief, Defendant Schutt is an Illinois corporation, with its principal place of business located at 710 South Industrial Drive, Litchfield, Illinois, 62056.

4. Upon information and belief, Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including football helmets.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant engages in business within this district, and has placed infringing products into the stream of commerce by shipping products into this district (and/or knowing that the products would be shipped into this judicial district), and such infringing products have been sold and used in this district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## COUNT I
## Patent Infringement of U.S. Patent No. 8,938,818

8. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

9. Plaintiff is the owner by assignment of U.S. Patent No. 8,938,818, which was duly and lawfully issued by the United States Patent and Trademark Office on January 27, 2015, titled "Sports Helmet" ("the '818 patent"). A true and correct copy of the '818 patent is attached as Exhibit A and made a part hereof.

10. Regarding the '818 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

11. Defendant has had knowledge of the '818 patent at least as of the date of the service of this Complaint.

12. Defendant has at no time been licensed under the '818 patent.

13. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '818 patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, selling, offering to sell in the United States, and/or importing into the

United States products that embody one or more claims of the '818 patent, including without limitation adult and youth football helmets in the Vengeance model line.

14. By way of example, independent claim 1 of the '818 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening,
a lower edge surface extending generally from one of the ear flaps and along the rear region to the other of the ear flaps,
an inner shell wall surface,
an outer shell wall surface,
an offset band extending around the rear region and above the lower edge surface, the offset band including
an offset band wall having an inner band surface offset from the inner shell wall surface, and an outer band surface offset from the outer shell wall surface, and
a pair of angled transition walls, extending between the offset band wall and the rear region;
a raised central band integrally formed as part of the shell and extending across the crown region to the rear region, the raised central band having a width defined by a pair of opposed sidewalls,
a first plurality of vent openings residing outside of the raised central band and aligned along a first side of the raised central band, and
a second plurality of vent openings residing outside of the raised central band and aligned along a second side of the raised central band;
a face guard secured to the shell by a face guard connector; and
a chin strap assembly that releasably secures the helmet to the wearer.

15. By way of further example, independent claim 14 of the '818 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,

- 3 -

two side regions wherein each side region has an ear flap with an ear opening,
a lower edge extending generally from one of the ear flaps and along the rear region to the other of the ear flaps,
an inner shell wall surface,
an outer shell wall surface,
an offset band extending around the rear region and above the lower edge, the offset band including:
an offset band wall having an outer band surface offset from the outer shell wall surface,
a pair of angled transition walls extending between the outer shell wall surface and the outer band surface, one of the angled transition walls positioned above the offset band wall, and the other of the angled transition walls positioned below the offset band wall, and
a raised central band integrally formed as part of the shell and extending across the crown region to the rear region, the raised central band having a width defined by a pair of opposed sidewalls and having an inflation opening disposed between the sidewalls in the crown region;
an inflatable crown shock absorbing pad disposed in the crown region adjacent the inner shell wall surface, the crown shock absorbing pad including an inflation valve aligned with the inflation opening;
a face guard secured to the shell by a face guard connector; and,
a chin strap assembly that releasably secures the helmet to the wearer.

16.  By way of further example, independent claim 29 of the '818 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
a raised central band integrally formed as part of the shell and extending across a crown region to the rear region, the raised central band having a width defined by a pair of opposed sidewalls,
a first plurality of vent openings residing outside of the raised central band and aligned along a first side of the raised central band,
a second plurality of vent openings residing outside of the raised central band and aligned along a second side of the raised central band,
two side regions wherein each side region has an ear flap with an ear opening,

- 4 -

- 5 -

      a lower edge surface extending generally from one of the ear flaps and along the rear region to the other of the ear flaps,
      an inner shell wall surface,
      an outer shell wall surface,
      an offset band integrally formed as part of the shell, the offset band extending around the rear region and above the lower edge surface, the offset band including:
      an offset band wall having an outer band surface offset from the outer shell wall surface,
      a pair of angled transition walls extending between the offset band wall and the rear region, and
      end segments that curve downwardly toward the lower edge surface, and
      a face guard secured to the shell by a face guard connector; and,
      a chin strap assembly that releasably secures the helmet to the wearer.

17.     By way of further example, independent claim 41 of the '818 patent recites as follows:

      A football helmet comprising:
      a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
      a front region,
      a crown region,
      a rear region,
      two side regions wherein each side region has an ear flap with an ear opening,
      a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,
      a first plurality of elongated vent openings in the shell, wherein said first plurality of vent openings reside outside of the raised central band and are aligned along a first side of the raised central band;
      a second plurality of elongated vent openings in the shell, wherein said second plurality of vent openings reside outside of the raised central band and are aligned along a second side of the raised central band;
      a face guard secured to the shell by a plurality of connectors; and
      a chin strap assembly that releasably secures the helmet to the wearer.

18.     By way of further example, independent claim 62 of the '818 patent recites as follows:

      A football helmet comprising:
      a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
      a front region,

a crown region,

a rear region,

two side regions wherein each side region has an ear flap with an ear opening,

a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,

a first plurality of elongated vent openings in the shell, wherein said first plurality of vent openings are positioned beyond the raised central band and are aligned along a first side of the raised central band;

a second plurality of elongated vent openings in the shell, wherein said second plurality of vent openings are positioned beyond the raised central band and are aligned along a second side of the raised central band;

a face guard secured to the shell by a plurality of connectors; and

a chin strap assembly that releasably secures the helmet to the wearer.

19. Examples of Schutt Varsity football helmets identified with the Vengeance model name include, but are not limited to, those shown below:

**VENGEANCE LINEUP**


**VENGEANCE Z10**
Varsity Football Helmet


**VENGEANCE PRO**
Varsity Football Helmet


**VENGEANCE VTD II**
Varsity Football Helmet


**VENGEANCE DCT**
Varsity Football Helmet


Vengeance VTD

20. Examples of Schutt Youth football helmets identified with the Vengeance model name include, but are not limited to, those shown below:



21. Schutt Varsity and Youth football helmets in the Vengeance model line include each and every limitation of one or more claims of the '818 patent, including at least claims 1-6, 8-19, 21-34, 36-44, 46, 49-51, 53, 56-58, and 60-65.

22. Defendant contributorily infringes and induces infringement of the '818 patent by offering to sell and selling Schutt Varsity and Youth football helmets in the Vengeance model line to customers, buyers, users and others who directly infringe the '818 patent. Infringement of the '818 patent can be found through use of the accused helmets, which are not staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '818 patent by inducing its customers to use Schutt Varsity and Youth football helmets in the Vengeance model line in the United States, with knowledge of the '818 patent at least as of the date of the service of this complaint.

23. Defendant's infringement of the '818 patent is willful at least as of the date of the service of this Complaint.

24. Plaintiff has been injured and damaged by Defendant's infringement of the '818 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to

115001-0005/126731284.3

Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## COUNT II
## Patent Infringement of U.S. Patent No. 8,528,118

25. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

26. Plaintiff is the owner by assignment of U.S. Patent No. 8,528,118, which was duly and lawfully issued by the United States Patent and Trademark Office on September 10, 2013, titled "Sports Helmet" ("the '118 patent"). A true and correct copy of the '118 patent is attached as Exhibit B and made a part hereof.

27. An Ex Parte Reexamination Certificate for the '118 patent issued on September 9, 2014. A true and correct copy of the Ex Parte Reexamination Certificate for the '118 patent is attached as Exhibit C and made a part hereof.

28. Regarding the '118 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

29. Defendant has had knowledge of the '118 patent at least as of the date of the service of this Complaint.

30. Defendant has at no time been licensed under the '118 patent.

31. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '118 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '118 patent, including without limitation adult and youth football helmets in the Vengeance model line.

32. By way of example, independent claim 1 of the '118 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening,
a raised central band integrally formed as part of the shell and extending across the crown region to the rear region,
a first plurality of vent openings formed in the shell outside of the raised central band, wherein the first plurality of vent openings are aligned, and positioned along a first side of the raised central band; and
a chin strap assembly that releasably secures the helmet to the wearer.

33.     By way of further example, independent claim 25 of the '118 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,
a rear region,
two side regions wherein each side region has an ear flap with an ear opening and a face guard connector,
a raised central band integrally formed in the shell and extending between the crown region and the rear region, the raised central band having a width defined by a pair of opposed side walls that extend transversely from an outer surface of the shell,
a first plurality of vent openings formed in the shell beyond the raised central band, wherein the first plurality of vent openings are aligned, and reside along a first side wall of the raised central band;
a face guard secured to the shell by the face guard connector; and,
a chin strap assembly that releasably secures the helmet to the wearer.

34.     By way of further example, independent claim 34 of the '118 patent recites as follows:

A football helmet comprising:
a plastic shell configured to receive a head of a wearer of the helmet, the shell having:
a front region,
a crown region,

a rear region,
two side regions wherein each side region has an ear flap with an ear opening,
a raised central band integrally formed as part of the shell and extending across the crown region to the rear region, the raised central band having a width defined by a pair of opposed side walls that extend transversely from an outer surface of the shell, wherein a front extent of the opposed side walls do not converge;
a first plurality of elongated vent openings formed in the shell outside of the raised central band, wherein the first plurality of elongated vent openings are aligned along a first side wall of the raised central band; and
a chin strap assembly that releasably secures the helmet to the wearer.

35. Images of examples of Schutt football helmets identified with the Vengeance model name include, but are not limited to, those provided above at paragraphs 19-20.

36. Schutt Varsity and Youth football helmets in the Vengeance model line include each and every limitation of one or more claims of the '118 patent, including at least claims 1, 2, 5, 6, 11-13, 25-28, 30, and 32-37.

37. Defendant contributorily infringes and induces infringement of the '118 patent by offering to sell and selling Schutt Varsity and Youth football helmets in the Vengeance model line to customers, buyers, users and others who directly infringe the '118 patent. Infringement of the '118 patent can be found through use of the accused helmets, which are not staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '118 patent by inducing its customers to use Schutt Varsity and Youth football helmets in the Vengeance model line in the United States, with knowledge of the '118 patent at least as of the date of the service of this complaint.

38. Defendant's infringement of the '118 patent is willful at least as of the date of the service of this Complaint.

115001-0005/126731284.3

39. Plaintiff has been injured and damaged by Defendant's infringement of the '118 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## COUNT III
## Patent Infringement of U.S. Patent No. 8,813,269

40. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

41. Plaintiff is the owner by assignment of U.S. Patent No. 8,813,269, which was duly and lawfully issued by the United States Patent and Trademark Office on August 26, 2014, titled "Sports Helmet with Quick-Release Faceguard Connector and Adjustable Internal Pad Element" ("the '269 patent"). A true and correct copy of the '269 patent is attached as Exhibit D and made a part hereof.

42. Regarding the '269 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

43. Defendant has had knowledge of the '269 patent since at least July 15, 2015, when it was included on a Notice of References Cited (at page 3) in connection with Kranos IP Corporation's prosecution of U.S. patent application No. 13/526,077.

44. Defendant has at no time been licensed under the '269 patent.

45. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '269 patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '269 patent, including without limitation all Varsity and Youth Schutt football helmets that include the "Quarter Turn Release

System," including but not limited to helmets in the Vengeance, ION4D, AiR XP, and DNA model lines.

46. By way of example, independent claim 1 of the '269 patent recites:

A sports helmet comprising:
a shell;
a faceguard;
a faceguard connector assembly having a bracket with at least one channel that receives an extent of the faceguard, the faceguard connector assembly further having a releasable coupler mechanism that extends through both the bracket and an opening in the shell to secure the faceguard to the shell in a use position, the releasable coupler mechanism including:
a washer having a main body that extends substantially perpendicular from a flange of the washer, the main body having a central opening and extending into and positioned within the shell opening;
a cylindrical body that extends through the bracket and the shell opening, wherein an extent of the cylindrical body is received by the central opening of the washer in the use position; and,
a head positioned within the bracket, the head configured to receive a tool that applies an actuation force; and,
wherein the actuation force is applied to the coupler mechanism to move the coupler mechanism from the use position to a disconnected position that allows for removal of the bracket from the shell to permit the faceguard to be displaced with respect to the shell.

47. By way of further example, independent claim 13 of the '269 patent recites:

A quick release connector for securing a faceguard to a football helmet, the connector comprising:
a bracket with a aperture and at least one channel configured to receive an extent of the faceguard;
a releasable coupler mechanism that extends through both the bracket aperture and an opening in the helmet to secure the faceguard to the helmet in a use position, the releasable coupler mechanism including:
a washer having a main body that extends substantially perpendicular from a flange of the washer, the main body having a central opening and extending into and positioned within the helmet opening;

- 12 -

a cylindrical body that extends through the bracket and the helmet opening, wherein an extent of the cylindrical body is received by the central opening of the washer in the use position; and,

a head positioned within the bracket, the head configured to receive a tool that applies an actuation force; and,

wherein the actuation force is applied to the coupler mechanism to displace the coupler mechanism from the use position to a disconnected position that allows for removal of the bracket from the helmet to permit the faceguard to be displaced with respect to the helmet.

48. A description of Schutt's Quarter-Turn Release System is shown below:



49. All Varsity and Youth Schutt football helmets that include the "Quarter Turn Release System," including but not limited to helmets in the Vengeance, ION4D, AiR XP, and DNA model lines, include each and every limitation of one or more claims of the '269 patent, including at least claims 1, 3-9, 13-20, and 22-23.

50. Defendant's infringement of the '269 patent is willful.

51. Plaintiff has been injured and damaged by Defendant's infringement of the '269 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to

- 13 -

- 14 -

Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment that:

A.      Defendant has infringed one or more claims of the '818 patent, '118 patent, and '269 patent, and such infringement has been willful;

B.      Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be enjoined from further infringement of the '818 patent, '118 patent, and '269 patent under 35 U.S.C. § 283;

C.      Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '818 patent, '118 patent, and '269 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with interest;

D.      This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

E.      Plaintiff be awarded all actual and compensatory damages; and

F.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

- 15 -

Dated:  April 21, 2016         PERKINS COIE LLP

By   */s/ Rodger K. Carreyn*
   Rodger K. Carreyn
   RCarreyn@perkinscoie.com
   Christopher G. Hanewicz
   CHanewicz@perkinscoie.com
   Gabrielle E. Bina
   GBina@perkinscoie.com
    1 East Main Street, Suite 201
    Madison, WI  53703
   (608) 663-7460 (Phone)
   (608) 663-7499 (Facsimile)

   Douglas L. Sawyer (ARDC#6275849)
   DSawyer@perkinscoie.com
   131 South Dearborn Street, Suite 1700
   Chicago, IL 60603-5559
   (312) 324-8400 (Phone)
   (312) 324-9400 (Facsimile)

   *Attorneys for Plaintiff, Riddell, Inc.*

115001-0005/126731284.3