IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIDDELL, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16 C 4496 |
| | ) | |
| KRANOS CORPORATION d/b/a SCHUTT SPORTS, | ) ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Riddell, Inc. has sued Kranos Corporation, doing business and referred to here as Schutt Sports, alleging that Schutt is infringing three of Riddell's patents for football helmets. One of these patents—U.S. Patent No. 8,939,818 (the '818 patent)—claims a priority date based on a provisional application filed almost eleven years earlier. Schutt has filed two motions for partial summary judgment on some of Riddell's infringement claims based on the '818 patent. In the first, Schutt argues that those claims are not entitled to the filing date of the provisional application. In the second, Schutt argues that those claims are anticipated by prior art and therefore invalid. For the reasons stated below, the Court denies Schutt's motions.

### Background

Riddell manufactures and sells football equipment including helmets. It owns the '818 patent, which is titled "Sports Helmet" and discloses a protective sports helmet designed to have increased strength and rigidity without additional weight. The

application that led to issuance of the '818 patent was filed with the Patent and Trademark Office (PTO) in March 2013 as a continuation of another patent owned by Riddell, the '118 patent. Def.'s Statement of Material Facts in Supp. of Its Mots. for Partial Summ. J. (Def.'s SOMF), Ex. 1 at SCHUTT009845–46. The application claimed entitlement to the filing date of a provisional application that was filed with the PTO on May 1, 2002. *Id.* The PTO granted the application for the '818 patent in January 2015.

Schutt also manufactures and sells sports helmets. Riddell has filed suit against Schutt, alleging that its products infringe the '818 patent.[1] Specifically, Riddell claims that Schutt's line of Vengeance football helmets infringe claims 1–3, 5–6, 8–12, 40–42, 49–50, 53, 56–58, 60–61, and 65 of the '818 patent. Schutt has filed two motions for summary judgment on Riddell's claims of infringement based on a subset of these claims. These motions center on what the parties refer to as the offset band limitation. This limitation is disclosed in claims 1–3, 5–6, 8–12, 40, and 60–61 (referred to by the parties as the asserted offset band claims). The disclosure in claim 1 is illustrative of the disputed limitation:

> A football helmet comprising . . .
> an offset band extending around the rear region and above the lower edge
>     surface, the offset band including
>         an offset band wall having an inner band surface offset from the
>             inner shell wall surface, and an outer band surface offset
>             from the outer shell wall surface, and
>         a pair of angled transition walls, extending between the offset band
>             wall and the rear region.

*Id.* at SCHUTT009866–67, 14:49–15:2. Schutt argues in its first motion for partial summary judgment that the offset band limitations are not disclosed in the provisional

---

[1] Riddell also brings claims against Schutt based on the '118 patent. None of those claims are at issue in Schutt's motions for partial summary judgment.

2

application and therefore Riddell cannot claim the date of the provisional application as the effective date for the asserted offset band claims. Schutt contends that the appropriate priority date is the date of the '818 application: March 15, 2013. In its second motion for partial summary judgment, Schutt argues that Riddell was selling helmets that met all the limitations of the asserted offset band claims prior to March 15, 2013 and therefore the claims are invalid as anticipated. Thus Schutt asks the Court to grant summary judgment in its favor on Riddell's claims of infringement based on the asserted offset band claims. Both parties agree that the Court cannot grant summary judgment based on invalidity if it denies summary judgment on the question of the priority date. *See* Pl. Riddell, Inc.'s Opp'n to Def.'s Mots. for Partial Summ. J. (Pl.'s Opp'n) at 15; Def.'s Consolidated Reply in Supp. of Its Mots. for Partial Summ. J. (Def.'s Reply) at 14.

In response, Riddell contends that the provisional application does disclose these limitations and therefore the effective filing date of the asserted offset band claims is May 1, 2002, before Riddell put the helmets up for sale. Riddell argues that figures 19 and 20 in the provisional application, reproduced below, disclose the offset band limitation. *See* Pl.'s Opp'n at 1.



## Discussion

When considering a motion for summary judgment, the Court construes the facts and draws reasonable inferences in favor of the nonmoving party. *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 496 (7th Cir. 2011). Summary judgment is appropriate when the moving party can show that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Id.* To find a genuine dispute, there must be evidence "such that the jury could return a verdict for the non-moving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303 (Fed. Cir. 2008).

### A.  Burden of proof

The parties first dispute who bears the burden of proof. Schutt argues that the burden belongs to Riddell, because the patentee bears the burden of proving entitlement to claim a priority date that precedes the filing date. Def.'s Consolidated Mem. of Law in Supp. of Its Mots. for Partial Summ. J. (Def.'s Mem.) at 8 (citing *PowerOasis*, 522 F.3d at 1306–06). Riddell argues that the burden belongs to Schutt, because patents carry a presumption of validity. Pl.'s Opp'n at 5 (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95–97 (2011)). The burden therefore rests with the party asserting invalidity of the patent. *Id.* at 5–6.

The Federal Circuit in *PowerOasis* clearly outlined the burden of proof in a case in which the alleged infringer argues invalidity by challenging the patentee's entitlement to an earlier priority date. The party asserting invalidity must first show by clear and convincing evidence that the asserted patent is invalid. *PowerOasis*, 522 F.3d at 1305. Therefore when a party claims invalidity due to anticipation—as Schutt argues—the alleged infringer must present evidence that the asserted claims are invalid based on

4

prior art known or available before the filing date of the patent. *See id.*; *Research Corp. Techs., Inc. v. Microsoft Corp.*, 627 F.3d 859, 871 (Fed. Cir. 2010) (indicating that Microsoft satisfied its initial burden by coming forward with invalidating prior art). Once the alleged infringer has done so, the patentee must come forward with evidence that it is entitled to claim priority to an earlier filing date that predates the prior art. *PowerOasis*, 522 F.3d at 1305–06.

Here, Schutt has satisfied its initial burden by providing evidence of invalidating prior art. Under 35 U.S.C. § 102, a patent is invalid if the claimed invention was on sale in the United States more than one year prior to the date of the patent application. *Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co.*, 417 F.3d 1203, 1209 (Fed. Cir. 2005). In order to demonstrate that this on-sale bar applies, the party challenging validity must show that the product on sale met each of the limitations in the disputed claim. *Dana Corp. v. Am. Axle & Mfg., Inc.*, 279 F.3d 1372, 1375 (Fed. Cir. 2002).

Schutt points to six models of helmets sold by Riddell as examples of invalidating prior art. Riddell concedes that all of these models were on sale more than one year before the filing date of application for the '818 patent. *See* Pl. Riddell, Inc.'s Resp. to Def.'s Statement of Material Facts & Riddell's Statement of Add'l Facts that Require Denial of Summ. J. (Pl.'s Resp. to Def.'s SOMF & SAF) ¶¶ 71–80. Riddell also concedes that all six of these models "practice all of the Asserted Offset Band Claims and are commercial embodiments of all of the Asserted Offset Band Claims." *Id.* ¶ 70. This demonstrates that products on sale by Riddell more than one year before the filing date of the '818 application met each of the limitations in the asserted offset band

5

claims. Riddell does not argue otherwise in its response.

Schutt has therefore satisfied its burden to present a prima facie case for invalidity. The burden now falls on Riddell to demonstrate that the '818 patent is entitled to a priority date that precedes the sale of these products. That being said, Schutt still retains its burden as the mover for summary judgment to demonstrate that there is no genuine dispute as to any material fact.

**B.    Priority date**

Riddell argues that the asserted offset band claims are entitled to a priority date of May 1, 2002, based on the provisional application. Schutt argues that the provisional application does not disclose the offset band limitations and therefore cannot provide a priority date for claims containing those limitations. Schutt focuses on four limitations contained within the asserted offset band claims: (1) an offset band extending around the rear region of the helmet; (2) an offset band wall having a surface offset from the surface of the shell; (3) a pair of angled transition walls; and (4) curved end segments. Def.'s Mem. at 8–12 & n.10.

"[A] patent application is entitled to the benefit of the filing date of an earlier filed application only if the disclosure of the earlier application provides support for the claims of the later application." *PowerOasis*, 522 F.3d at 1306. The earlier application provides support only if it adequately discloses the disputed limitations as required by the written description requirement of 35 U.S.C. § 112. *Id.* Thus the earlier application "must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventor was in possession of the invention." *Id.* (internal quotation marks omitted). The earlier reference must actually or inherently disclose each limitation in the

disputed claim. *Id.* Drawings alone can provide the requisite written description. *Revolution Eyewear, Inc. v. Aspect Eyewear, Inc.*, 563 F.3d 1358, 1366 (Fed. Cir. 2009).

Riddell has provided evidence from which a reasonable jury could conclude that the provisional application discloses the offset band limitations. As mentioned above, Riddell does not argue that any language in the provisional application discloses these limitations. Rather, Riddell points to figures 19 and 20:



Pl.'s Opp'n at 1. Riddell contends that the darkly-highlighted band discloses the offset band and the offset band wall and that the lightly-highlighted portions disclose the angled transition walls. In support, Riddell provides an expert declaration from Nicholas Shewchenko, an engineer and patent owner in the field of protective sports helmets. Shewchenko describes how a person skilled in the relevant art would understand figures 19 and 20. He states first that the presence of those lines on the images would indicate structural—not design—elements. Decl. of Nicholas Shewchenko in Supp. of Pl.' Riddell, Inc.'s Opp'n to Def.'s Mot. for Partial Summ. J. (Shewchenko Decl.) ¶ 11. Shewchenko says this conclusion is supported by the fact that these three lines on the rear of the helmet appear both on the outside of the shell (figure 19) and on the shell's

7

interior (figure 20), making it less likely that they are intended to be decorative. *Id.*

Shewchenko also explains how a person skilled in the art would interpret the outer lines as angled transition walls, based on their relationship to the surface of the shell. *Id.* ¶¶ 12–14. He points out that both the section claimed to represent the offset band and the sections claimed to represent the angled transition walls contain shading lines. *Id.* ¶ 15. He explains that these lines are commonly used to indicate differences in depth between surfaces and therefore supports a conclusion that these figures disclose walls that transition from one depth (the offset band) to another (the shell). *Id.* These shading lines resemble those used in other figures in the provisional application to indicate differing depths on other features. *See* Def.'s SOMF, Ex. 2 (Provisional Application) at SCHUTT002588. Finally, Shewchenko provides a diagram demonstrating how figures 19 and 20 depict "downwardly sloping end segments," which disclose the "curved end segments." Shewchenko Decl. ¶ 14. Therefore Riddell has provided evidence from which a reasonable jury could conclude that a person skilled in the art would reasonably understand these two figures as disclosing the necessary offset band limitations. *See Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1566–67 (Fed. Cir. 1991) (finding expert declaration regarding what the specification discloses sufficient to defeat summary judgment).

Schutt presents several arguments in opposition to this evidence. It contends that the Court should apply substantial deference to the findings of the Patent Trial and Appeal Board (PTAB), which at one point concluded that the provisional application did not disclose the offset band limitations and therefore the priority date of the '818 patent was its filing date, March 15, 2013. The Court has been unable to find any support for

this contention. As both parties note, all of the cases Schutt cites for this principle are cases in which the Federal Circuit was reviewing a direct challenge of a decision by the PTAB. Here, neither party is appealing or directly challenging through some other statutory mechanism a decision by the PTAB. Therefore the cases cited by Schutt do not require the Court to defer to the PTAB's findings.

Further, the PTAB made this finding regarding the '818 priority date in an order setting out its decision on a request by Schutt to institute *inter partes* review of claims in the '818 patent, including the asserted offset band claims. *See* Def.'s SOMF, Ex. 12 (PTAB Decision) at 2. The Federal Circuit has indicated that even the PTAB itself is not bound by findings it makes in decisions to institute *inter partes* review. *See Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1068 (Fed. Cir. 2016). This is because these findings are by nature preliminary and made without the benefit of a full record. *Id*. The Federal Circuit indicated in *Trivascular* that in fact the PTAB *should* change its view of the merits if, after further development of the record, it is convinced that its initial inclinations were wrong. *Id*. The same is therefore true for this Court, which considers a more developed record for this motion. The only evidence that Riddell provided to the PTAB in support of its claimed priority date was the provisional application itself; it did not provide any expert testimony. *Id*. at 9. Riddell has now provided the Court with an expert declaration that impacts the determination of the priority date. The Court therefore declines to defer to the PTAB's preliminary determination on this issue.

Schutt's next few arguments focus on the figures themselves. First, Schutt argues that these figures "do not pass the eye test." Def.'s Mem. at 9 (internal quotation marks omitted). In support, Schutt cites a district court case in which the court

9

concluded that the patentee was not entitled to an earlier priority date because the original drawing "reveal[ed] no obvious taper," the disputed limitation. *Minemyer v. B-Roc Representatives, Inc.*, 695 F. Supp. 2d 797, 804 (N.D. Ill. 2009) (Cole, M.J.). Here, however, figures 19 and 20 clearly depict three adjacent strips that extend for some distance across the helmet. Though the parties dispute the significance and characteristic of these strips, Schutt cannot contend that the figures do not obviously portray their existence. *PowerOasis* is distinguishable for similar reasons, because the court there concluded that none of the figures in the priority application depicted a feature that could be construed as the disputed limitation. *See PowerOasis*, 522 F.3d at 1309–10.

Schutt next argues that the figures do not depict a band and walls that are offset from the shell. But Shewchenko has explained how a person skilled in the art would interpret the shading lines as representing different depths and therefore the figures as depicting a band and walls that are offset. Schutt also argues that the figures do not show a band and walls that extend around the rear region of the shell, because the figures only show the right and front sides of the helmet. Def.'s Reply at 4. But although figure 19 only shows a single side of the helmet, it does not depict a stopping point for the lines, suggesting they continue around the helmet. Further, figure 20, which depicts the front and interior of the rear of the helmet, shows the lines extending fully across the rear interior. Thus a genuine dispute exists regarding whether these images disclose all of the asserted band limitations.

Schutt also challenges Shewchenko's expert declaration. It first contends that expert declarations are irrelevant when determining whether a patent application

satisfies the written description requirement. See Def.'s Reply 8–12. Schutt argues that the Court's inquiry must be limited to "the four corners of the specification." *Id.* at 10 (citing *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1347–48 (Fed. Cir. 2011)). But the court in *Centocor* does not go as far as Schutt suggests. The court simply made clear that the analysis depends on how a person skilled in the relevant art would interpret the material in the patent itself, not extrinsic evidence. The court was not, however, prohibiting parties from using expert testimony to prove how a person skilled in the relevant art would interpret the contents of the specification. This is particularly apparent in light of the numerous instances in which the Federal Circuit has analyzed expert testimony to determine whether the written description requirement has been met. See, e.g., *PowerOasis*, 522 F.3d at 1307–08; *Laryngeal Mask Co. Ltd. v. Ambu*, 618 F.3d 1367, 1374–75 (Fed. Cir. 2010); *Vas-Cath*, 935 F.2d at 1566–67. Thus Schutt's apparent attack on the relevance of Shewchenko's declaration is unpersuasive.

Finally, Schutt argues that Shewchenko's declaration is irrelevant because it contains only unsupported conclusions. But Shewchenko's interpretation of the provisional application is grounded in the figures themselves, and he relies on specific features depicted in those images in drawing his conclusions. The Court therefore disagrees that the declaration is irrelevant.

The Court concludes that a genuine dispute exists regarding whether the asserted offset band claims were disclosed by the provisional application and thus entitled to a priority date of May 1, 2002. Should the parties proceed to trial, the applicable priority date will be decided by the jury. *See generally Leader Techs., Inc. v. Facebook, Inc.*, 678 F.3d 1300 (Fed. Cir. 2012) (reviewing a jury's determination of a

11

patent's priority date); *Market Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363 (Fed. Cir. 2009) (same); *see also Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1331–32 (Fed. Cir. 2009) (noting that the written description requirement is a question of fact for the jury); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1341 (Fed. Cir. 2013) (reviewing a jury's determination of invalidity for lack of adequate written description).

Because the Court denies Schutt's motion for partial summary judgment regarding the priority date of the asserted offset band claims, the Court must also deny summary judgment on Schutt's contention that the asserted offset band claims are invalid as anticipated.

## Conclusion

For the foregoing reasons, the Court denies Schutt's motion for partial summary judgment regarding the priority date for the asserted offset band claims [dkt. no. 106] and its motion for partial summary judgment contending that the asserted offset band claims are invalid as anticipated [dkt. no. 108].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 30, 2017