**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RIDDELL, INC., | ) | |
| | ) | |
| | ) | No. 16-cv-4496 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRANOS CORPORATION d/b/a | ) | Judge Matthew F. Kennelly |
| SCHUTT SPORTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RIDDELL, INC.'S MOTION TO STRIKE AND/OR TO SET BRIEFING SCHEDULE**

Plaintiff Riddell, Inc. ("Riddell") files this motion to address two issues with Defendant Kranos Corporation d/b/a Schutt Sports' ("Schutt") pretrial filings:

First, under the Court's standing order on Preparation of the Pretrial Order ("Pretrial Order"), the parties were to file motions in limine by April 3rd, with such motions totaling no more than 15 pages. Responses to such motions are due on April 10th. Despite this direction, Schutt filed three separate motions on April 3rd: (1) its motions in limine, which total 15 pages; (2) a "Motion to Exclude the Lost Profits and Reasonable Royalty Opinions Proffered by Plaintiff's Expert John C. Jarosz" ("damages motion"), which totals an additional 15 pages; and (3) a "Motion to Bifurcate Willfulness and Damages Issues From the Remaining Liability Issues at Trial" ("bifurcation motion"), which totals an additional 12 pages. For the reasons set forth below, Riddell requests that the Court strike Schutt's damages and bifurcation motions as improper. Indeed, as it has done with other Schutt motions, after reading these motions the Court may deny them without need for response. If the Court instead believes a response from

Riddell is necessary, Riddell requests that it be permitted to file any such responses no later than Monday, April 15th, in order to allow Riddell a reasonable opportunity to complete the Final Pretrial Order and respond to Schutt's motions in limine.

Second, the Court's Pretrial Order required that Riddell produce its proposed exhibit list on March 18th, which it did (totaling 284 exhibits), and that Schutt provide its exhibit list, as well as any objections to Riddell's exhibits, by March 25th. Schutt provided its exhibit list on March 25th (totaling 495 exhibits), and Riddell began reviewing and identifying objections to those exhibits. Consistent with the Court's order, the parties met and conferred on Monday, April 1st, to discuss the pretrial filings. At that conference, Schutt for the first time indicated that it might need to identify some additional exhibits before filing the final pretrial report on April 8th. Counsel for Riddell informed Schutt that, while it would not object to tweaks or modest additions to the exhibit list, it would object to major revisions or additions.

Yet, midday on April 4th, just two business days before the Final Pretrial Report is due, Schutt sent Riddell an "updated" exhibit list with *500 new exhibits,* doubling the number Schutt had identified on the date it was required to disclose its trial exhibits. Schutt offered no explanation for these 11th-hour additions. Given that the Final Pretrial Order, with its host of other disclosure obligations, is due on Monday, Riddell cannot fairly review and object to Schutt's updated exhibit list. It accordingly requests that the Court limit Schutt to no more than 25 additional exhibits to those identified on its March 25th disclosure, and that Riddell be given three business days to review and object to those additional exhibits.[1]

---

[1] Riddell will submit its objections to the exhibits included on Schutt's original exhibit list as part of the Final Pretrial Order on April 8th.

I.      **Schutt's Motion to Exclude Riddell's Damages Expert is Nothing More Than an End Run Around the Court's Page Limits For Motions in Limine**

This is the *fourth* time that Schutt has tried to limit Riddell's damages claims.  It first filed a motion for summary judgment, which was denied.  (Dkt. No. 237).  It then filed a "Motion for Reconsideration," which was denied. (Dkt. No. 263).  It then filed a "Successive Motion for Summary Judgement," which the Court summarily denied without hearing from Riddell.  (Dkt. No. 281).  As part of that recent denial, the Court stated that Schutt's "motion for leave to file a successive motion for summary judgment is denied. The Court sees no appropriate basis to allow a second round of summary judgment briefing. *Defendant may present its arguments, if appropriate, as part of a motion in limine filed along with other motions in limine in advance of the final pretrial conference (within, of course, the page limits set by the Court)*." (Dkt. No. 281) (emphasis added).

Undaunted, Schutt now takes a fourth kick at the cat, this time trying to dodge the Court's order by titling its attack on Riddell's damages claim as a "Motion to Exclude," and including baseless attacking additional portions of Riddell's damages claim not tied directly to Schutt's new purported noninfringing alternative.  This is improper.  Schutt's renewed attack on Riddell's expert should have been part of its motions in limine—as expressly directed by the Court. Riddell accordingly requests that the Court strike Schutt's motion as improper.

Moreover, as Riddell will explain if the Court requests a response on the merits, Schutt's motion is nothing more than a host of misguided attacks to the *weight*, not the *admissibility*, of Riddell's expert opinions.  The jury should be permitted to hear both parties' evidence with respect to damages and to render a verdict on that evidence—including on whether Schutt's newest design-around was in fact "available" and "acceptable" during the relevant time period.

If Schutt believes it has a credible motion after the close of evidence (or after a verdict), it is free to move for judgment as a matter of law at that time.

If the Court believes a response to Schutt's motion is necessary, Riddell requests that its response be due by Monday, April 15th, so that it can continue to finalize the Final Pretrial Order and related filings due Monday, April 8th, and to respond to Schutt's actual motions in limine on Wednesday, April 10th.

## II.    Schutt's Motion to Bifurcate is Also Untimely and Should be Struck

The parties have known of the Court's intent not to bifurcate this trial for months.  The parties discussed the expected approach to trial with the Court during multiple prior hearings, and at no point did Schutt indicate it would seek to bifurcate trial.  Indeed, even in its proposed edits to the Final Pretrial Order served on March 25th, Schutt never mentioned bifurcation.  Nor did Schutt mention bifurcation in the parties' meet-and-confer on April 1.  The first time it raised the issue was in its motion filed yesterday, April 3rd.  Setting aside the utter lack of merit to Schutt's motion, this is far too late in the game.

The parties have worked on their pretrial filings, begun planning their pretrial strategy, and scheduled their witnesses for trial, based on the Court's direction that this case would be tried in a single phase.  The Court should accordingly deny Schutt's motion outright. To the extent the Court requests that Riddell respond to Schutt's motion, for the reasons mentioned above Riddell requests permission to file its opposition brief by Monday, April 15th.

## III.   Schutt Should Not be Permitted to Add 500 New Exhibits Days Before the Final Pretrial Order is Due

Riddell understands that pretrial and trial proceedings are imperfect and require compromise when the inevitable hiccup occurs.  For that reason, when Schutt first indicated on April 1st—more than a week after Schutt's exhibit list was due—that Schutt might need to

amend or supplement its exhibit list, Riddell indicated it would not object if such changes were limited. Schutt trampled all over that compromise, however, when it elected to identify 500 additional exhibits on April 4th, just days before the Final Pretrial Order and Riddell's objections to Schutt's exhibits are due. Setting aside the absurdity of Schutt needing 1,000 exhibits for a week-long trial concerning two related patents, its election to simply not do its work on time should not be countenanced. Importantly, Schutt has refused to offer any explanation for its delay. While Riddell believes striking all these newly added exhibits would be appropriate under these circumstances, it nonetheless requests that the Court merely order that Schutt be permitted to add no more than 25 new exhibits to the list it originally served,[2] and that Riddell be given three business days to review and object to those exhibits.

---

[2] Riddell is not suggesting that the parties be foreclosed from seeking to add a small number of exhibits going forward (or to otherwise revise their exhibit lists), e.g., if they were inadvertently omitted or due to changes in the shape of the case after the Final Pretrial Conference. That happens as part of any trial. But that is a far cry from what Schutt seeks to do here.

Dated:  April 4, 2019                    PERKINS COIE LLP


By   */s/ Christopher G. Hanewicz*
Rodger K. Carreyn
RCarreyn@perkinscoie.com
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Michelle Umberger
MUmberger@perkinscoie.com
Gabrielle E. Bina
GBina@perkinscoie.com
Andrew T. Dufresne
ADufresne@perkinscoie.com
Brandon M. Lewis
BLewis@perkinscoie.com
Truscenialyn Brooks
TBrooks@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI  53703
(608) 663-7460 (Phone)
(608) 663-7499 (Facsimile)

Douglas L. Sawyer (ARDC#6275849)
DSawyer@perkinscoie.com
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8400 (Phone)
(312) 324-9400 (Facsimile)

*Attorneys for Plaintiff, Riddell, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 4, 2019, a true and correct copy of the foregoing was served via the CM/ECF system upon the following attorneys of record:

James J. Lukas, Jr.
lukasj@gtlaw.com
Benjamin P. Gilford
gilfordb@gtlaw.com
Howard E. Silverman
silvermanh@gtlaw.com
Richard D. Harris
harrisr@gtlaw.com
Matthew J. Levinstein
levinsteinm@gtlaw.com
Callie Sand
sandc@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Dr., Suite 3100
Chicago, Illinois 60601

*Attorneys for Defendant, Kranos Corporation
d/b/a Schutt Sports*

By: _/s/ Christopher G. Hanewicz_
*Attorney for Plaintiff, Riddell, Inc.*

- 7 -