# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RIDDELL, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Civil Action No.: 1:16-cv-4496 |
| v. | ) |
| | ) Judge Matthew F. Kennelly |
| KRANOS CORPORATION, d/b/a | ) |
| SCHUTT SPORTS, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |
| KRANOS IP CORPORATION, | ) |
| KRANOS IP II CORPORATION, | ) |
| KRANOS CORPORATION DBA | ) Civil Action No.: 1:17-cv-6802 |
| SCHUTT SPORTS, | ) |
| | ) Judge Matthew F. Kennelly |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| RIDDELL, INC., | ) |
| | ) |
| *Defendant*. | ) |

**KRANOS CORP. DBA SCHUTT SPORTS, KRANOS IP CORPORATION, AND KRANOS IP II CORPORATION'S MOTION FOR RULE TO SHOW CAUSE WHY RIDDELL, INC. AND ITS COUNSEL SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING THIS COURT'S PROTECTIVE ORDERS, FOR ENFORCEMENT OF THE PROTECTIVE ORDERS, BARRING RIDDELL INC.'S COUNSEL, AND FOR DISCOVERY TO DETERMINE <u>WHETHER ADDITIONAL SANCTIONS AND ORDERS ARE APPROPRIATE</u>**

I.  **INTRODUCTION**

Counsel for Kranos Corp. dba Schutt Sports, Kranos IP Corporation, and Kranos IP II Corporation (collectively, "Schutt") recently discovered that Riddell, Inc.'s ("Riddell") counsel has been prosecuting patents for multiple parties in the protective helmet field—in clear violation of the Prosecution Bar negotiated by the parties and included in the Joint Protective Orders entered in the above-captioned cases (the "Related Cases").

Schutt requests that the Court issue an order to show cause why Riddell and its counsel should not be held in contempt and sanctioned for violating this Court's Joint Protective Orders. In addition, Schutt requests that the Court enforce the Joint Protective Orders by barring Riddell attorney Rodger Carreyn from reviewing Schutt's Highly Confidential information and from continuing to represent Riddell in the Related Cases. Finally, Schutt requests that the Court order further discovery so that Schutt may determine the extent of Riddell's and its counsel's violations and any additional harm to Schutt, and whether any further sanctions and orders are appropriate.

II. **FACTUAL BACKGROUND**

A.  **The Related Cases And The Prosecution Bar Included In Their Protective Orders.**

On April 21, 2016, Riddell filed a patent infringement suit against Kranos Corporation dba Schutt Sports, Inc. ("Schutt Sports"). (Case No. 1:16-cv-4496 (N.D. Ill) ("Riddell Case"), Dkt. No. 1.) Riddell attorney Rodger Carreyn ("Attorney Carreyn") signed Riddell's Complaint and is listed as Lead Attorney for Riddell. (Riddell Case, Dkt. No. 1 at 15; *see also*, Riddell Case, Docket.) Pursuant to a joint stipulation through which Riddell and its counsel "agree[d] to abide by the terms of this Order" (*see* Riddell Case, Dkt. No. 54; Dkt. No. 56 at 8), the Court

entered the Joint Protective Order in the Riddell Case on *November 8, 2016*. (Riddell Case, Dkt. No 56.)[1]

On May 18, 2017, Schutt filed a patent infringement suit against Riddell. (Case No. 1:17-cv-6802 (N.D. Ill.) ("Schutt Case"), Dkt. No. 1.) Attorney Carreyn entered his appearance for Riddell on June 8, 2017. (Schutt Case, Dkt. No. 10.) Again, pursuant to a joint stipulation through which Riddell and its counsel "agree[d] to abide by the terms of this Order" (*see* Schutt Case, Dkt. No. 73, Dkt. No. 80 at 7-8), the Court entered the Joint Protective Order in the Schutt Case on June 21, 2018. (Schutt Case, Dkt. No. 80.) Before the Court entered the Joint Protective Order in the Schutt Case, Riddell's counsel confirmed its understanding that Riddell and its counsel had been operating under the terms of the Joint Protective Order in the Riddell Case. (**Ex. 1**, Declaration of James J. Lukas, Jr. ("Lukas Decl.") ¶ 15; **Ex. 2**, 5/24/18-5/31/18 Email Chain from Riddell's Counsel to Schutt's Counsel at 1.)

The Joint Protective Order in both the Riddell Case and the Schutt Case contains the following Prosecution Bar:

> **Prosecution Bar: Except as otherwise provided herein, any person who reviews material designated "HIGHLY CONFIDENTIAL" is prohibited from participating in patent prosecution activities before any patent office relating to protective helmet and fastener design. For purposes of this Protective Order, "patent prosecution activities" includes any activity (including supervisory activity) that relates to preparation, drafting, or amending patent claims in patents or patent applications including those involved in reexamination, reissue, or Inter Partes Review proceedings or patents or patent applications in contested proceedings, such as interference proceedings. For the avoidance of doubt, "patent prosecution activities" also includes the participation in any examiner interview. This prohibition against patent prosecution activities begins upon review of any "HIGHLY CONFIDENTIAL" information and will remain in effect until two (2) years after the first of these occurs:**

---

[1] The Riddell Case was joined with Riddell's case against Xenith, LLC for pretrial proceedings. (*See* Riddell Case, Dkt. No. 33.) Xenith, LLC also stipulated, and was a party, to the Joint Protective Order in the Riddell Case. (Riddell Case, Dkt. No. 56.) Riddell's action against Xenith, LLC was subsequently dismissed.

3

      a.      **the termination of this litigation, including any appeals; or**

      b.      **if the person who reviewed the "HIGHLY CONFIDENTIAL" information was an outside counsel, then the withdrawal from representation by that person.**

(Riddell Case, Dkt. No. 56 ¶10; Schutt Case Dkt. No. 80 ¶ 10.)[2]

    **B.**    **Riddell Counsel's Violations Of The Joint Protective Orders' Prosecution Bar.**

        **1.**    **Riddell's Attorney Carreyn's Review Of Schutt Highly Confidential Information Of Which Schutt Is Presently Aware.**

Riddell's Attorney Carreyn appeared at the March 28, 2017, 30(b)(6) deposition of Schutt's CEO and General Counsel Robert Erb. (Ex. 1, Lukas Decl. ¶ 5.) That deposition was designated Highly Confidential under the Joint Protective Order in the Riddell Case, and multiple Schutt documents designated Highly Confidential were marked as exhibits and discussed during the deposition. (*Id.*) In addition, much of the information elicited from Mr. Erb—Schutt's 30(b)(6) witness on virtually every 30(b)(6) topic—was highly confidential information. (*Id.*)

Riddell's Attorney Carreyn also prepared and signed Riddell's Fifth Responses and Objections to Schutt Sports' Interrogatory No. 10 in the Riddell Case. (*Id.* ¶ 6.) Riddell's responses were designated as containing "HIGHLY CONFIDENTIAL SCHUTT INFORMATION SUBJECT TO THE PROTECTIVE ORDER" by Riddell and Attorney Carreyn. (*Id.*) Riddell's responses cite to Schutt "internal marketing materials" and reproduced small portions of some of those internal materials, including documents produced by Schutt as SCHUTT46784-85 and SCHUTT22727-28. These two documents are Schutt internal technical

---

[2] Riddell has never challenged the Highly Confidential designation of any Schutt documents or information. (Lukas Decl. ¶ 10.)

4

and marketing memorandum that were designated by Schutt as Highly Confidential under the Joint Protective Order. (*Id.*)

Riddell's Attorney Carreyn also appeared at the November 28, 2017 and January 15, 2019, depositions of Riddell's technical expert Nicholas Shewchenko, which depositions covered, among other things, Mr. Shewchenko's expert reports on infringement and invalidity issues. (*Id.* ¶ 7.) Mr. Shewchenko's reports cite to numerous Schutt Highly Confidential documents. (*Id.* ¶ 8.)[3]

Riddell's Attorney Carreyn has also been an email recipient of every document, including every Highly Confidential document that has been electronically produced by Schutt to Riddell in the Related Cases. (*Id.* ¶ 11.) Attorney Carreyn has also actively participated in the substantive matters involved in the Related Cases and has been copied on virtually every email communication concerning the Related Cases. (*Id.*) Finally, Riddell and its counsel have never indicated to Schutt's counsel that Attorney Carreyn should not be included on any communications concerning the Related Cases or should not receive Schutt Highly Confidential information. (*Id.* ¶ 12.)[4]

### 2. Riddell's Attorney Carreyn's Prohibited Patent Prosecution Activities Relating To Protective Helmet Design Of Which Schutt Is Presently Aware.[5]

From when the Court entered the Joint Protective Order in the Riddell Case on ***November 8, 2016*** (*see* Riddell Case, Dkt. No 56) to the present, Attorney Carreyn has been involved in at least the following prohibited Patent Prosecution Activities[6] relating to protective helmet design:

---

[3] Attorney Carreyn has also prepared and signed Riddell's responses to other Schutt interrogatories in the Related Cases. (Ex. 1, Lukas Decl. ¶ 9.)

[4] Attorney Carreyn has appeared at many of the substantive hearings in the Related Cases and was present at the parties' confidential mediation before Judge Holderman. (*Id.* ¶ 13.) Attorney Carreyn was also present for the parties' telephonic meet and confer regarding the pretrial order in the Riddell Case. (*Id.*)

[5] Riddell's Attorney Carreyn's biography states that he is a registered patent attorney and that he handles "patent prosecution" for Easton Diamond Sports, LLC and Keeper Sports Products, LLC. (**Ex. 3**, Carreyn Bio at 1, 3 (accessed April 5, 2019).)

- **Bauer Hockey LLC's U.S. Application No. 15/268,127, entitled "Adjustable Hockey Helmet."** (Ex. 1, Lukas Decl. ¶ 14; *see also e.g.*, **Ex. 4**, 12/17/18 RCE (signed by Attorney Carreyn).)

- **Bauer Hockey LLC's U.S. Application No. 15/139,536, entitled "Adjustable Helmet for a Hockey or Lacrosse Player."** (Ex. 1, Lukas Decl. ¶ 14; *see also e.g.*, **Ex. 5**, 1/9/19 Examiner Interview Summary Record (listing Attorney Carreyn as being present at examiner interview).)[7]

- **Easton Diamond Sports, LLC's U.S. Application No. 15/480,215, entitled "Readily Removable Catcher's Helmet."** (Ex. 1, Lukas Decl. ¶ 14; *see also e.g.*, **Ex. 6**, 4/5/17 Application Data Sheet and 8/10/17 IDS (signed by Attorney Carreyn); **Ex. 7**, International Published Patent Application No. WO17/177053 (listing Attorney Carreyn as Agent).)

Each patent application listed above relates to protective helmets. Each patent application listed above also recites claims that are applicable to football helmets because their claim preambles are not limiting and describe only intended use. *Arctic Cat Inc. v. GEP Power Prod., Inc.*, No. 2018-1520, 2019 WL 1339461, at *7 (Fed. Cir. Mar. 26, 2019) (holding that the recitation of "personal recreational vehicle" in the preamble of the claims merely identified an intended use.)[8]

### 3. The Evidence Of Which Schutt Is Presently Aware Demonstrates That Riddell's And Its Counsel's Violations Of The Joint Protective Orders' Prosecution Bar Were Flagrant And Willful.

Riddell and its counsel (including Attorney Carreyn) *were aware* of the Prosecution Bar of the Joint Protective Orders when the parties negotiated their terms, when Riddell and its

---

[6] According to the Joint Protective Orders, Patent Prosecution Activities includes any activity (*including supervisory activity*) that relates to preparation, drafting, or amending patent claims in patents or patent applications including those involved in reexamination, reissue, or Inter Partes Review proceedings or patents or patent applications in contested proceedings, such as interference proceedings. (Riddell Case, Dkt. No. 56 ¶ 10; Schutt Case Dkt. No. 80 ¶ 10.)

[7] The Prosecution Bar states that "'patent prosecution activities' also includes the participation in any examiner interview." (Riddell Case, Dkt. No. 56 ¶ 10; Schutt Case Dkt. No. 80 ¶ 10.)

[8] Schutt is a sporting goods company that designs, makes, and sells products relating to the sports of football, baseball, softball, and lacrosse. As part of its business, Schutt designs, makes, and sells protective helmets. Schutt also prosecutes patents in the protective helmet field. In the Related Cases, Schutt has produced Highly Confidential information to Riddell concerning the design, manufacture, and sale of its protective helmets. (Ex. 1, Lukas Decl. ¶ 16.)

counsel "agree[d] to abide by the terms of this Order" (*see* Riddell Case, Dkt. No. 54; Dkt. No. 56 at 8), as well as when the Court entered the Joint Protective Order in the Riddell Case on *November 8, 2016*. (Riddell Case, Dkt. No 56.)

Riddell and its counsel (including Attorney Carreyn) **were again made aware** of the Prosecution Bar of the Joint Protective Orders when Riddell's counsel confirmed that Riddell's technical expert Mr. Shewchenko would abide by the Prosecution Bar. (Ex. 1, Lukas Decl. ¶ 15; **Ex. 8**, 11/17/16 Email from Riddell Counsel to Schutt Counsel.) Attorney Carreyn is copied on that email. (*See* Ex. 8.)

### III.   LEGAL STANDARDS

The purpose of a protective order is to "prevent the potential misuse of confidential information before any actual harm is done." *WM Wrigley Jr. Co. v. Cadbury Adams USA LLC*, CIV No. 1:04-cv-00346, Dkt. Nos. 264-265 (N.D. Ill. Mar. 31, 2008). Rule 37(b) authorizes this Court to order a wide range of sanctions on a litigant that fails to obey a protective order. Fed. R. Civ. P. 37(b). The degree of punishment imposed on the disobedient party is often proportionate to the level of misconduct that occurred. *See Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428 (1923) ("The degree of punishment for contempt . . . is in the discretion of the court whose dignity has been offended and whose process has been obstructed."); *see also Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) ("In deciding what measure of sanctions imposed, the district court should consider 'the egregiousness of the conduct in question in relation to all aspects of the judicial process.' ") (quoting *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993)).

When a party is found in violation of a protective order, the Court may commence contempt proceedings or order the contemnor to show cause.[9] Local Rule 37.1. Attorneys' fees incurred in bringing the motion are typically shifted to the offending party. *Id.* ("A reasonable counsel fee, necessitated by the contempt proceeding, may be included as an item of damage."); Fed. R. Civ. P. 37(a)(5)(A); *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 787 (7th Cir. 1994) (loser may avoid payment only by establishing that his or position was substantially justified).[10]

### IV. ARGUMENT

#### A. The Court Should Issue An Order For Riddell And Its Counsel To Show Cause Why They Should Not Be Held In Contempt And Sanctioned For Violating The Prosecution Bar Of The Court's Joint Protective Orders.

In exchange for access to Schutt's Highly Confidential information, Riddell's Counsel agreed to give up patent prosecution relating to protective helmets for a period of two years following the termination of the Related Cases. *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, No. 05 C 4120, 2011 WL 148252, at *8 (N.D. Ill. Jan. 18, 2011). As one court in this District explained, "The patent prosecution bar reflects a court's determination of 'the degree of protection required' to balance the risk of inadvertent disclosure against the harm to the opposing party from limitations imposed on that party's right to have the counsel of its choice." *Id.* (citing *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010)). Rather than comply with the Joint Protective Orders, however, Riddell Attorney Carreyn gained access to

---

[9] Schutt has submitted the Lukas Decl. in accordance with Local Rule 37.1(a).
[10] Because Rule 37(b)(2)(C) mandates an award for expenses ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"), patent prosecution bar violations typically result in the shifting of attorneys' fees onto the offending party. *Par Systems, Inc. v. iPhoton Solutions, LLC,* CIV No. 4:10-CV-393-Y, Dkt. No. 197 (N.D. Tex. Oct. 17, 2012); *Encap, LLC v. The Scotts Company, LLC*, 2014 WL 6386965, at *4 (E.D. Wis. Nov. 14, 2014); *Cadence Pharm., Inc. v. Fresenius Kabi USA, LLC*, 2014 WL 3341068, at *4 (S.D. Cal. July 8, 2014).

8

Schutt's Highly Confidential information and then proceeded to prosecute patents covering the *same protective helmet subject matter*. The Court should issue an order for Riddell and its counsel to show cause as to why they should not be held in contempt and sanctioned for these willful violations. *See Marrocco v. Gen. Motors Corp*., 966 F.2d 220, 224 (7th Cir. 1992); *see also* Ex. 2; Ex. 8.)

> B. **The Court Should Enforce The Joint Protective Orders By Immediately Barring Attorney Carreyn From Reviewing Schutt Highly Confidential Information And From Continuing To Represent Riddell In The Related Cases.**

Schutt does not yet know the extent to which it has been harmed by Riddell's and its counsel's violations of the Joint Protective Orders. Attorney Carreyn's prosecution activities do not just cover protective helmet design—his violations also relate to similar features disclosed by Schutt's patents and pending patent applications in the protective helmet field and a Schutt football helmet product. For example, the Easton Diamond Sports, LLC's International Published Patent Application No. WO17/177053 that is currently being prosecuted by Attorney Carreyn depicts a helmet with similar features to Schutt's F7 football helmet and one of the football helmet patents asserted by Schutt in the Schutt Case, U.S. Patent No. 9,498,014:



(Ex. 7 at Fig. 1, International Published Patent Application No. WO17/177053; Schutt F7 helmet; Fig. 16 from U.S. Patent No. 9,498,014.)[11]

Moreover, Riddell and its counsel's violations of the Joint Protective Orders is ongoing—Attorney Carreyn has prosecuted patent applications relating to protective helmets since **at least** 2017 to the present. Thus, Attorney Carreyn's violations appear to be flagrant and willful, warranting his disqualification from the case. *See, e.g.*, *Avago Techs., Inc. v. IPtronics Inc., No. 5:10-CV-02863-EJD*, 2015 WL 3640626, at *1 (N.D. Cal. June 11, 2015) (excluding an expert's testimony from a case and requiring him to return all designated information after the expert violated a prosecution bar); *see also* Fed. R. Civ. P. 37(b)(2) (listing potential sanctions).

Trial is rapidly approaching in the Related Cases—Schutt is understandably concerned that Attorney Carreyn will be exposed to additional Schutt Highly Confidential information and will continue to violate the Joint Protective Orders with that information because of Attorney Carreyn's prior blatant violations of the Joint Protective Orders. Given the extent of his violations that are presently known to Schutt, the highly competitive environment in which Schutt and Riddell operate, and the value of Schutt's confidential information, Schutt requests that this Court enforce the Joint Protective Orders and, at a minimum, immediately bar Attorney Carreyn from reviewing Schutt's Highly Confidential information and from continuing to represent Riddell in the Related Cases.[12]

---

[11] In fact, the Examiner in Easton's U.S. Application No. 15/480,215 recently rejected certain pending claims in view of an application directed to a ***football helmet*** that is assigned to Schutt and lists Schutt's CEO, Robert Erb, as an inventor. (**Ex. 9**, March 29, 2019 Office Action re App. No. 15/480,215 at 12-13 (rejecting claims 9 and 19 in view of US 2014/0150168 to Erb).)

[12] The purpose of a protective order is to "prevent the potential misuse of confidential information before any actual harm is done." *WM Wrigley Jr. Co. v. Cadbury Adams USA LLC*, CIV No. 1:04-cv-00346, Dkt. Nos. 264-265 (N.D. Ill. Mar. 31, 2008) (enjoining offending party for violating patent prosecution bar).

### C. The Court Should Order Further Discovery To Determine Whether Additional Sanctions And Orders Are Appropriate.

Schutt has included only the Prosecution Bar violations of which it is presently aware—***published*** applications ***signed*** by Attorney Carreyn that relate to protective helmets. As the Court knows, patent applications are maintained as confidential for at least the first 18 months of prosecution, until they are published. Schutt requests that the Court order further discovery to adequately assess the degree and extent of Riddell's and its counsel's misconduct. Only then can the Court determine how significantly Schutt has been further harmed and whether additional sanctions and orders are appropriate. *See, e.g.*, C*E Design Ltd. v. Cy's Crabhouse North, Inc.*, 2010 WL 2365162, at *7 (N.D. Ill. Jun. 11, 2010) (deciding to "hold a further hearing to determine how the materials from [the disobedient party] have been used and the rationale supporting such use"); *Encap*, 2014 WL 6386965, at *4 (ordering party that violated a prosecution bar to "account for any additional patent prosecution activities he has engaged in since the protective order was entered."); *Cadence*, 2014 WL 3341068, at *4 (permitting defendant to file a renewed motion for additional sanctions after further investigation of a protective order breach); *Eolas Techs. Inc. v. Amazon.com Inc.*, No. 17CV03022JSTJSC, 2018 WL 6591450, at *3 (N.D. Cal. Dec. 14, 2018) (ordering plaintiffs to produce documents relating directly or indirectly to the prosecution of the patent application and issue, allowing defendants to notice depositions regarding the produced documents and any other potential violation of the prosecution bar, followed by briefing remedies "including dismissal and/or judgment."); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 436 (M.D.N.C. 2001) (granting defendant's request for additional interrogatories to disobedient attorney regarding the misappropriation of confidential information and explaining, "An attorney's violation of a protective order constitutes good cause for opening discovery on that issue.").

For at least the following reasons, additional discovery is needed to determine the extent to which Riddell's counsel willfully violated the Joint Protective Order and the extent of the harm to Schutt.

First, the Joint Protective Orders explicitly prohibit any prosecution activities, including supervisory activities, before *any* patent office. Schutt has listed only the published U.S. applications of which it is aware, in which Attorney Carreyn actually signed and filed documents or appeared at interviews. But Attorney Carreyn and other Riddell attorneys of record could be supervising other prosecution activities and directing patent prosecution relating to other U.S. and international applications, for which documents were submitted and signed by other attorneys and foreign attorneys, respectively. Indeed, consistent with his firm bio, Attorney Carreyn appears to be acting in a supervisory activity for at least *some* applications, which is also prohibited activity under the Prosecution Bar of the Joint Protective Orders. For example, a Perkins Coie associate, Stephen A. Brookman, has submitted amendments to the Patent Office for U.S. Application No. 15/480,215, while Attorney Carreyn signed other submissions in the file. (Ex. 6, 4/6/17 Application Data Sheet and 8/10/17 Information Disclosure Statement (signed by Attorney Carreyn).) Without additional discovery, Schutt has no way of knowing whether Riddell's Counsel is communicating with other firms regarding patent prosecution strategy or engaging in any other supervisory activity that also violates the Joint Protective Orders.

Second, while United States patent applications are not published until 18 months from the earliest filing date for which a benefit is sought under 35 U.S.C. § 122, in certain situations an applicant can request that the application not be published until issuance. *Id.*; *see also* 37 C.F.R. 1.213. In other situations, an application may never be published if it does not issue as a

patent or if it is abandoned. Thus, for any patent applications that have not yet published or that may never publish, Schutt currently has no way of knowing whether Riddell's counsel has been involved in additional patent prosecution activities that also violate the Joint Protective Orders.

Third, Schutt requests discovery as to whether Riddell and its counsel were aware that Attorney Carreyn was not abiding by the Prosecution Bar. If Riddell's Counsel knew of Attorney Carreyn's prosecution activities and his violations of the Joint Protective Orders but allowed them to continue without notifying the Court or Schutt, additional sanctions may be warranted including disqualification or termination.[13]

## V. CONCLUSION

For all the reasons set forth herein, Schutt respectfully requests that this Court enter an order to show cause, to enforce the Joint Protective Orders, to allow further discovery to determine whether additional sanctions and orders are appropriate, and to award Schutt its fees in bringing this motion.

Dated: April 8, 2019

Respectfully submitted,

*/s/James J. Lukas, Jr.*

Richard D. Harris
Howard E. Silverman
James J. Lukas, Jr.
Matthew J. Levinstein
Benjamin P. Gilford
Callie J. Sand
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435

---

[13] Andrew Dufresne, counsel for Riddell in the Schutt Case, is also listed as a practitioner with power of attorney to prosecute at least one of the applications at issue. (**Ex. 10**, Address & Attorney/Agent for U.S. 15/268,127 (listing, among other attorneys, Andrew Dufresne and Rodger Carreyn).)

*Attorneys for Kranos IP Corporation,
Kranos IP II Corporation, and Kranos
Corporation dba Schutt Sports*

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 8, 2019.

                                                                  */s/ James J. Lukas, Jr.*