# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIDDELL, INC.,  )<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>KRANOS CORPORATION, d/b/a  )<br>SCHUTT SPORTS,  )<br>)<br>*Defendant*.  )<br>) | Civil Action No.: 1:16-cv-4496<br><br>Judge Matthew F. Kennelly |
| KRANOS IP CORPORATION,  )<br>KRANOS IP II CORPORATION,  )<br>KRANOS CORPORATION DBA  )<br>SCHUTT SPORTS,  )<br>)<br>*Plaintiffs*,  )<br>)<br>v.  )<br>)<br>RIDDELL, INC.,  )<br>)<br>*Defendant*.  )  | Civil Action No.: 1:17-cv-6802<br><br>Judge Matthew F. Kennelly |

**DECLARATION OF JAMES J. LUKAS, JR. IN SUPPORT OF
KRANOS CORP. DBA SCHUTT SPORTS, KRANOS IP CORPORATION, AND
KRANOS IP II CORPORATION'S MOTION FOR RULE TO
SHOW CAUSE WHY RIDDELL, INC. AND ITS COUNSEL SHOULD
NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING THIS
COURT'S PROTECTIVE ORDERS, FOR ENFORCEMENT
OF THE PROTECTIVE ORDERS, BARRING RIDDELL INC.'S COUNSEL,
AND FOR DISCOVERY TO DETERMINE WHETHER ADDITIONAL
<u>SANCTIONS AND ORDERS ARE APPROPRIATE</u>**

I, James J. Lukas, Jr., affirm as follows:

1. I am a shareholder at Greenberg Traurig, LLP, attorneys for Kranos IP Corporation, Kranos IP II Corporation, and Kranos Corporation d/b/a Schutt Sports (collectively "Schutt") in the above-captioned matters (the "Related Cases").

1

2. I have personal knowledge of the facts discussed herein and, if called to testify, I would and could competently testify to those facts.

3. I respectfully submit this Declaration in Support of Schutt's Motion for Rule to Show Cause Why Riddell, Inc. and its Counsel Should Not Be Held in Contempt and Sanctioned for Violating this Court's Protective Orders, For Enforcement of the Protective Orders, Barring Riddell Inc.'s Counsel, and For Discovery to Determine Whether Additional Sanctions and Orders Are Appropriate (the "Motion").

4. Within the last week, Schutt's counsel discovered that Riddell's attorney, Rodger Carreyn ("Attorney Carreyn"), has been engaging in prohibited patent prosecution activities in violation of the Prosecution Bar of the Joint Protective Orders entered in the Related Cases.

5. The 30(b)(6) deposition of Schutt's CEO and General Counsel Robert Erb took place on March 28, 2017. Attorney Carreyn appeared at this deposition. That deposition was designated Highly Confidential under the Joint Protective Order in the Riddell Case, and multiple Schutt documents designated Highly Confidential were entered as exhibits and discussed during the deposition. In addition, Mr. Erb was Schutt's 30(b)(6) witness on virtually every 30(b)(6) topic, and much of the information elicited from him was Highly Confidential.

6. Attorney Carreyn also prepared and signed Riddell's Fifth Responses and Objections to Schutt Sports' Interrogatory No. 10 in the Riddell Case. Riddell's responses were designated by Attorney Carreyn as containing "HIGHLY CONFIDENTIAL SCHUTT INFORMATION SUBJECT TO THE PROTECTIVE ORDER." Riddell's responses cite to Schutt "internal marketing materials" and reproduced small portions of some of those internal materials, including but not limited to SCHUTT46784-85 and SCHUTT22727-28. Those two documents are Schutt internal technical and marketing memorandum that were designated by

Schutt as Highly Confidential under the Joint Protective Order. Other Schutt Highly Confidential documents are cited in Riddell's responses.

7. I was the attorney that took the November 28, 2017 and January 15, 2019, depositions of Riddell's technical expert Nicholas Shewchenko. Attorney Carreyn also appeared at the November 28, 2017 and January 15, 2019, depositions of Mr. Shewchenko, which covered, among other things, Mr. Shewchenko's expert reports on infringement and invalidity issues.

8. Mr. Shewchenko's reports cite to numerous Schutt Highly Confidential documents and were entered as exhibits during those depositions.

9. Attorney Carreyn has also prepared and signed Riddell's responses to other Schutt interrogatories in the Related Cases.

10. Riddell has never challenged the Highly Confidential designations of any Schutt documents or information.

11. Attorney Carreyn has also been an email recipient of every Highly Confidential document that has been produced by Schutt to Riddell in the Related Cases. Attorney Carreyn has also actively participated in substantive matters involved in the Related Cases and has been copied on virtually every email communication concerning the Related Cases.

12. Riddell and its counsel have never indicated to Schutt's counsel that Attorney Carreyn should not be included on any communications concerning the Related Cases or should not receive Schutt Highly Confidential information.

13. Attorney Carreyn has appeared at many of the substantive hearings in the Related Cases and was present at the parties' confidential mediation before Judge Holderman. Recently,

Attorney Carreyn was present during the parties' telephonic meet and confer regarding the pretrial order in the Riddell Case.

14. From when the Joint Protective Order was entered by this Court on November 8, 2016 to the present, Attorney Carreyn has been involved in at least the following prohibited Patent Prosecution Activities[1] relating to protective helmet design:

    a. Bauer Hockey LLC's U.S. Application No. 15/268,127, entitled "Adjustable Hockey Helmet";

    b. Bauer Hockey LLC's U.S. Application No. 15/139,536, entitled "Adjustable Helmet for a Hockey or Lacrosse Player"; and

    c. Easton Diamond Sports, LLC's U.S. Application No. 15/480,215, entitled "Readily Removable Catcher's Helmet," including International Published Patent Application NO. WO17/177053.

15. Before the Court entered the Joint Protective Order in Case No. 1:17-cv-6802 (N.D. Ill.), Riddell's counsel confirmed its understanding that Riddell and its counsel had been operating under the terms of the Joint Protective Order in Case No. 1:16-cv-4496 (N.D. Ill.). Riddell and its counsel (including Attorney Carreyn) were aware of the Prosecution Bar of the Joint Protective Orders when Riddell and its counsel "agree[d] to abide by the terms of this Order" (*see* Riddell Case, Dkt. No. 54; Dkt. No. 56 at 8) and the Court entered the Joint Protective Order in the Riddell Case on November 8, 2016. (Riddell Case, Dkt. No 56.) Riddell and its counsel (including Attorney Carreyn) were again made aware of the Prosecution Bar in

---

[1] According to the Joint Protective Orders, Patent Prosecution Activities includes any activity (***including supervisory activity***) that relates to preparation, drafting, or amending patent claims in patents or patent applications including those involved in reexamination, reissue, or Inter Partes Review proceedings or patents or patent applications in contested proceedings, such as interference proceedings. (Riddell Case, Dkt. No. 56 ¶ 10; Schutt Case Dkt. No. 80 ¶ 10.)

4

the Joint Protective Orders when Riddell's counsel confirmed that Riddell's technical expert Mr. Shewchenko would abide by the Prosecution Bar.

16. Schutt is a sporting goods company that designs, makes, and sells products relating to the sports of football, baseball, softball, and lacrosse. (*See, e.g.,* https://www.schuttsports.com/.) As part of its business, Schutt designs, makes, and sells protective helmets. (*Id.*) Schutt also prosecutes patents in the protective helmet field. In the Related Cases, Schutt has produced Highly Confidential information to Riddell concerning the design, manufacture, and sale of its protective helmets.

17. Upon discovering Attorney Carreyn's prohibited Patent Prosecution Activities less than one week ago, Schutt's counsel diligently investigated the facts and drafted and filed the instant Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing information is true and correct to the best of my knowledge, information and belief.

Dated: April 8, 2019　　　　　　　　　　　　　　*/s/James J. Lukas, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　James J. Lukas, Jr.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 8, 2019.

*/s/James J. Lukas, Jr.*
James J. Lukas, Jr.