# Exhibit 9

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/480,215 | 04/05/2017 | Ryan MELOFCHIK | 113507-8112.US01 | 9400 |

34055        7590        03/29/2019
PERKINS COIE LLP - LOS General
POST OFFICE BOX 1247
SEATTLE, WA 98111-1247

| EXAMINER |
|---|
| ZHAO, AIYING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3732 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/29/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentprocurement@perkinscoie.com

| *Office Action Summary* | Application No. 15/480,215 | Applicant(s) MELOFCHIK et al. | |
|---|---|---|---|
| | Examiner AIYING ZHAO | Art Unit 3732 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>02/19/2019</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-3,5-14 and 16-20</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) <u>1-3,5-14 and 16-20</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☑ The specification is objected to by the Examiner.

11) ☑ The drawing(s) filed on <u>04/05/2017</u> is/are:  a)☐ accepted or  b)☑ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some**   c)☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>08/10/2017</u>.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 15/480,215                                              Page 2
Art Unit: 3732

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.       The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

### *Election/Restrictions*

2.       Applicant's election of Species 2 (directed to an embodiment using a fastening means

comprising a single strap) and amendment to claims in the reply filed on 02/19/2019 is

acknowledged.

         Species 1 is withdrawn from further consideration pursuant to 37 CFR 1.142(b) as being

drawn to a nonelected species, there being no allowable generic or linking claim. Election was

made **without** traverse in the reply filed on 02/19/2019.

         Claims 1-3, 5-14, and 16-20 are being treated on the merits and claims 4 and 15 are

cancelled.

### *Drawings*

3.       The drawings are objected to under 37 CFR 1.83(a).  The drawings must show every

feature of the invention specified in the claims.  Therefore, the first upper region, the first lower

region, the second upper region and the second lower region in claims 1, 11 and 20, and the

upper attachment location in claim 1 must be shown or the feature(s) canceled from the

claim(s).  No new matter should be entered.

         Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to

the Office action to avoid abandonment of the application. Any amended replacement drawing

sheet should include all of the figures appearing on the immediate prior version of the sheet,

even if only one figure is being amended. The figure or figure number of an amended drawing

should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## *Specification*

4.      The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter.  See 37 CFR 1.75(d)(1) and MPEP § 608.01(o).  Correction of the following is required:

- In claim 1, there is no antecedent basis in the specification for "a first upper region", "a first lower region", "a second upper region", "a second lower region" and "an upper attachment location";

- In claim 11, there is no antecedent basis in the specification for "a first upper region", "a first lower region", "a second upper region" and "a second lower region";

- In claim 20, there is no antecedent basis in the specification for "a first upper region", "a first lower region", "a second upper region" and "a second lower region".

## *Claim Interpretation*

5.      The following is a quotation of 35 U.S.C. 112(f):

Application/Control Number: 15/480,215 Page 4
Art Unit: 3732

(f) Element in Claim for a Combination. – An element in a claim for a combination may be
expressed as a means or step for performing a specified function without the recital of
structure, material, or acts in support thereof, and such claim shall be construed to cover the
corresponding structure, material, or acts described in the specification and equivalents
thereof.

The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:

An element in a claim for a combination may be expressed as a means or step for performing
a specified function without the recital of structure, material, or acts in support thereof, and
such claim shall be construed to cover the corresponding structure, material, or acts
described in the specification and equivalents thereof.

6.     The claims in this application are given their broadest reasonable interpretation using the

plain meaning of the claim language in light of the specification as it would be understood by

one of ordinary skill in the art.  The broadest reasonable interpretation of a claim element (also

commonly referred to as a claim limitation) is limited by the description in the specification when

35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is invoked.

As explained in MPEP § 2181, subsection I, claim limitations that meet the following

three-prong test will be interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth

paragraph:

(A)     the claim limitation uses the term "means" or "step" or a term used as a substitute for

"means" that is a generic placeholder (also called a nonce term or a non-structural term

having no specific structural meaning) for performing the claimed function;

(B)     the term "means" or "step" or the generic placeholder is modified by functional language,

typically, but not always linked by the transition word "for" (e.g., "means for") or another

linking word or phrase, such as "configured to" or "so that"; and

(C)     the term "means" or "step" or the generic placeholder is not modified by sufficient

structure, material, or acts for performing the claimed function.

Use of the word "means" (or "step") in a claim with functional language creates a

rebuttable presumption that the claim limitation is to be treated in accordance with 35 U.S.C.

112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites sufficient structure, material, or acts to entirely perform the recited function.

Absence of the word "means" (or "step") in a claim creates a rebuttable presumption that the claim limitation is not to be treated in accordance with 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is not interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites function without reciting sufficient structure, material or acts to entirely perform the recited function.

Claim limitations in this application that use the word "means" (or "step") are being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action. Conversely, claim limitations in this application that do not use the word "means" (or "step") are not being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action.

## *Claim Rejections - 35 USC § 102*

7.       The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

**8.       Claims 1-2, 5-6, 10 and 20 are rejected under pre-AIA 35 U.S.C. 102(a)(1) as being anticipated by Jourde (US 2009/0113606 A1).**

**Regarding claim 1**, Jourde discloses a catcher's helmet (a baseball helmet; fig. 1; para. 0020; claim 10), comprising:

a front shell (fig. 1; para. 0021; item 12) including a first upper region (see annotated fig. 2; para. 0021) and a first lower region (see annotated fig. 2; para. 0021);

a rear shell (fig. 1; para. 0021; item 14) including a second upper region (see annotated fig. 2; para. 0022) and a second lower region (see annotated fig. 2; para. 0022), with the first upper region attached to the second upper region at an upper attachment location (the first upper region attached to the second upper region via top strap 56 and connection member 88 at an upper location around top hole 90; see fig. 3 and annotated fig. 2; paras. 0025, 0032-0033); and

at least one elastic strap (elastic straps 48, 50, where the adjustment members 28 and 30 are omitted; figs. 1-2; paras. 0025, 0030; items 48, 50) connected to the first lower region and the second lower region (see fig. 1 and annotated fig. 2; para. 0025);

wherein the helmet is pivotable about the upper attachment location (by tightening top strap 56 and adjusting the length of lower side straps 48, 50; para. 0030) between:

(a) a closed position in which the at least one elastic strap holds the first lower region in engagement with the second lower region without the aid of a locking mechanism (see fig. 1 and annotated fig. 2; para. 0030; items 48, 50), and

(b) an open position in which the at least one elastic strap is subjected to a tensile force such that the first lower region is pivoted away from the second lower region (by pulling apart the first lower region and the second region, wherein elastic straps 48 and 50 are stretched; see fig. 1 and annotated fig. 2; para. 0030; items 48, 50).

**Regarding claim 2**, Jourde discloses the catcher's helmet of claim 1, and further discloses wherein the at least one elastic strap (elastic straps 48, 50; figs. 1-2) comprises a first elastic strap (elastic strap 48; figs. 1-2) connecting a first side of the first lower region to a first side of the second lower region (see fig. 1 and annotated fig. 2), and a second elastic strap

(elastic strap 50; figs. 1-2) connecting a second side of the first lower region to a second side of the second lower region (see fig. 1 and annotated fig. 2).

**Regarding claim 5**, Jourde discloses the catcher's helmet of claim 1, and further discloses wherein a first end of the at least one elastic strap (front end of elastic strap 48 or 50; figs. 1-2) is secured to a first side of the first lower region (respectively to left and right attachment points 74 or 76; see fig. 1 and annotated fig. 2; para. 0031), and a second end of the at least one elastic connector (rear end of elastic strap 48 or 50; figs. 1-2) is secured to a second side of the first lower region (respectively to left and right lower holes 70 or 72; see fig. 1 and annotated fig. 2; paras. 0030, 0031).

**Regarding claim 6**, Jourde discloses the catcher's helmet of claim 5, and further discloses wherein a portion of the at least one elastic strap (elastic strap 48 or 50; fig. 1) located between the first and second ends is secured to the second lower region (respectively to left and right lower holes 70 or 72; see fig. 1 and annotated fig. 2).

**Regarding claim 10**, Jourde discloses the catcher's helmet of claim 1, and further discloses wherein the first lower region includes an integral jaw protector (para. 0021; see annotated fig. 2; item 20).

**Regarding claim 20**, Jourde discloses a catcher's helmet (a baseball helmet; fig. 1; para. 0020; claim 10), comprising:

a front shell (fig. 1; para. 0021; item 12) including a first upper region (see annotated fig. 2; para. 0021) and a first lower region (see annotated fig. 2; para. 0021);

a rear shell (fig. 1; para. 0021; item 14) including a second upper region (see annotated fig. 2; para. 0022) and a second lower region (see annotated fig. 2; para. 0022), with the first upper region attached to the second upper region (the first upper region attached to the second

upper region via top strap 56 and connection member 88 at an upper location around top hole 90; see fig. 3 and annotated fig. 2; paras. 0025, 0032-0033); and

means for securing the first lower region to the second lower region (elastic straps 48, 50, where the adjustment members 28 and 30 are omitted; figs. 1-2; paras. 0025, 0030; items 48, 50) such that the helmet is pivotable (by adjusting the length of lower side straps 48, 50; para. 0030) between:

(a) a closed position in which the means for securing holds the first lower region in engagement with the second lower region (see fig. 1 and annotated fig. 2; para. 0030; items 48, 50), and

(b) an open position in which the means for securing is subjected to a tensile force such that the first lower region is pivoted away from the second lower region (by pulling apart the first lower region and the second region, wherein elastic straps 48 and 50 are stretched; see fig. 1 and annotated fig. 2; para. 0030; items 48, 50).

9.      **Claims 1, 7-8, 10-11, 18 and 20 are rejected under pre-AIA 35 U.S.C. 102(a)(1) as being anticipated by Jurga (US 5,953,761 A).**

**Regarding claim 1,** Jurga discloses a catcher's helmet (fig. 2; col. 2, ll. 53-58; item 10), comprising:

a front shell (fig. 2; col. 2, ll. 53-58; item 11) including a first upper region and a first lower region (see annotated fig. 2);

a rear shell including (fig. 2; col. 2, ll. 53-58; item 12) a second upper region and a second lower region (see annotated fig. 2), with the first upper region attached to the second upper region at an upper attachment location (via strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10); and

at least one elastic strap (fig. 2; col. 4, ll. 11-14; item 100) connected to the first lower region and the second lower region (see fig. 6 and annotated fig. 2; col. 4, ll. 11-20);

wherein the helmet is pivotable about the upper attachment location (see annotated fig. 2; col. 4, ll. 7-10) between:

(a) a closed position in which the at least one elastic strap holds the first lower region in engagement with the second lower region without the aid of a locking mechanism (see annotated fig. 2; col. 4, ll. 7-10, 16-29), and

(b) an open position in which the at least one elastic strap is subjected to a tensile force such that the first lower region is pivoted away from the second lower region (see annotated fig. 2; col. 4, ll. 7-10, 16-29).

**Regarding claim 7**, Jurga discloses the catcher's helmet of claim 1, and further discloses the helmet further comprising an inelastic connector (nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10) attaching the first upper region to the second upper region at the upper attachment location (see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10).

**Regarding claim 8**, Jurga discloses the catcher's helmet of claim 1, and further discloses wherein the inelastic connector comprises an inelastic strap (nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10) that allows for longitudinal adjustment between the first upper region and the second upper region (nonresilient strap 91 is looped through a buckle 92, which is used for longitudinal adjustment between the first upper region and the second upper region; see annotated fig. 2; col. 4, ll. 2-10).

**Regarding claim 10**, Jurga discloses the catcher's helmet of claim 1, and further discloses wherein the first lower region includes an integral jaw protector (an integrated jaw protector 22; col. 2, ll. 64-67; col. 3, ll. 1-2; item 22).

**Regarding claim 11**, Jurga discloses a catcher's helmet (fig. 2; col. 2, ll. 53-58; item 10), comprising:

a front shell (fig. 2; col. 2, ll. 53-58; item 11) including a first upper region and a first lower region (see annotated fig. 2);

a rear shell including (fig. 2; col. 2, ll. 53-58; item 12) a second upper region and a second lower region (see annotated fig. 2), with the first upper region attached to the second upper region by an inelastic connector (via nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10); and

at least one elastic connector (fig. 2; col. 4, ll. 11-14; item 100) securing the first lower region to the second lower region (see fig. 6 and annotated fig. 2; col. 4, ll. 11-20);

wherein the helmet is pivotable (see annotated fig. 2; col. 4, ll. 7-10) between:

(a) a closed position in which the at least one elastic connector holds the first lower region in engagement with the second lower region (see annotated fig. 2; col. 4, ll. 7-10, 16-29), and

(b) an open position in which the at least one elastic connector is subjected to a tensile force such that the first lower region is pivoted away from the second lower region (see annotated fig. 2; col. 4, ll. 7-10, 16-29).

**Regarding claim 18,** Jurga discloses the catcher's helmet of claim 11, and further discloses wherein the inelastic connector comprises an inelastic strap (nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10) that allows for longitudinal adjustment between the first upper region and the second upper region (nonresilient strap 91 is looped through a buckle 92, which is used for longitudinal adjustment between the first upper region and the second upper region; see annotated fig. 2; col. 4, ll. 2-10).

**Regarding claim 20**, Jurga discloses a catcher's helmet (fig. 2; col. 2, ll. 53-58; item 10), comprising:

a front shell (fig. 2; col. 2, ll. 53-58; item 11) including a first upper region and a first lower region (see annotated fig. 2);

a rear shell including (fig. 2; col. 2, ll. 53-58; item 12) a second upper region and a second lower region (see annotated fig. 2), with the first upper region attached to the second upper region (via strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10); and

means for securing the first lower region to the second lower region (fig. 2; col. 4, ll. 11-14; item 100) such that the helmet is pivotable (see annotated fig. 2; col. 4, ll. 7-10) between:

(a) a closed position in which the means for securing holds the first lower region in engagement with the second lower region (see annotated fig. 2; col. 4, ll. 7-10, 16-29), and

(b) an open position in which the means for securing is subjected to a tensile force such that the first lower region is pivoted away from the second lower region (see annotated fig. 2; col. 4, ll. 7-10, 16-29).

## *Claim Rejections - 35 USC § 103*

10.	The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

11.	**Claim 3 is rejected under 35 U.S.C. 103 as being unpatentable over Jourde (US 2009/0113606 A1) in view of Jacobsen (US 7,069,601 B1).**

**Regarding claim 3**, Jourde discloses the catcher's helmet of claim 1, and further disclicoses wherein each end of the at least one elastic strap (elastic straps 48, 50; figs. 1-2) passes through a slot in the rear shell (fig. 2; para. 0031; items 70, 72).

Jourde does not disclose wherein each end of the at least one strap is back-folded so that it is prevented from passing back through the slot.  However, Jacobsen teaches wherein an end of a strap (see fig. 2C; col. 4, ll. 5-21; item 18F) passes through a slot (fig. 2C; col. 4, ll. 5-21; item 74) in a shell of a helmet (roll cage 70 is a part of a helmet shell; fig. 2C; col. 4, ll. 5-21; item 50), and an end of the strap is back-folded (the end of strap 18F is folded and stitched; fig. 2C; col. 4, ll. 59-65) so that it is prevented from passing back through the slot (the folded end is thicker than the size of slot 74, therefore the strap 18 is anchored in slot 74; fig. 2C; col. 4, ll. 59-67).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jourde, with wherein each end of the at least one strap is back-folded so that it is prevented from passing back through the slot, as taught by Jacobsen, in order to provide a safety stop for preventing the at least one strap from accidently being drawn clear through the engagement slot.

12.      **Claims 9 and 19 are rejected under 35 U.S.C. 103 as being unpatentable over Jurga (US 5,953,761 A) in view of Erb (US 2014/0150168 A1).**

**Regarding claim 9**, Jurga discloses the catcher's helmet of claim 1, and further discloses the helmet further comprising a jaw portion comprising a chin pad (fig. 4; col. 3, ll. 39-47; item 67).

 Jurga does not disclose the chin pad is rotatably connected to first and second sides of the first lower region.  However, Erb teaches wherein a chin protector (fig. 1; para. 0025; item

30) is rotatably connected to first and second sides of a first lower region of a helmet (is rotatably coupled to two sides of the front lower region of a helmet 10 via pivoting snaps 50; abstract; fig. 1; paras. 0028-0030; item 10).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jurga, with wherein a chin protector is rotatably connected to first and second sides of a first lower region of a helmet, as taught by Erb, in order to provide a rotatable chin pad within the chin protector, therefore the chin pad can be adjusted to accommodate players having heads of various shapes and sizes (Erb; para. 0034).

**Regarding claim 19**, Jurga discloses the catcher's helmet of claim 11, and further discloses the helmet further comprising a jaw portion comprising a chin pad (fig. 4; col. 3, ll. 39-47; item 67).

Jurga does not disclose the chin pad is rotatably connected to first and second sides of the first lower region. However, Erb teaches wherein a chin protector (fig. 1; para. 0025; item 30) is rotatably connected to first and second sides of a first lower region of a helmet (is rotatably coupled to two sides of the front lower region of a helmet 10 via pivoting snaps 50; abstract; fig. 1; paras. 0028-0030; item 10).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jurga, with wherein a chin protector is rotatably connected to first and second sides of a first lower region of a helmet, as taught by Erb, in order to provide a rotatable chin pad within the chin protector, therefore the chin pad can be adjusted to accommodate players having heads of various shapes and sizes (Erb; para. 0034).

Application/Control Number: 15/480,215                                          Page 14
Art Unit: 3732

13.       **Claims 11-13 and 16-18 are rejected under 35 U.S.C. 103 as being unpatentable**

**over Jourde (US 2009/0113606 A1) in view of Jurga (US 5,953,761 A).**

         **Regarding claim 11**, Jourde discloses a catcher's helmet (a baseball helmet; fig. 1;

para. 0020; claim 10), comprising:

         a front shell (fig. 1; para. 0021; item 12) including a first upper region (see annotated fig.

2; para. 0021) and a first lower region (see annotated fig. 2; para. 0021);

         a rear shell (fig. 1; para. 0021; item 14) including a second upper region (see annotated

fig. 2; para. 0022) and a second lower region (see annotated fig. 2; para. 0022), with the first

upper region attached to the second upper region (the first upper region attached to the second

upper region via top strap 56 and connection member 88 at an upper location around top hole

90; see fig. 3 and annotated fig. 2; paras. 0025, 0032-0033); and

         at least one elastic connector (elastic straps 48, 50, where the adjustment members 28

and 30 are omitted; figs. 1-2; paras. 0025, 0030; items 48, 50) securing the first lower region to

the second lower region (see fig. 1 and annotated fig. 2; para. 0025);

         wherein the helmet is pivotable (by tightening top strap 56 and adjusting the length of

lower side straps 48, 50; para. 0030) between:

         (a) a closed position in which the at least one elastic connector holds the first lower

region in engagement with the second lower region (see fig. 1 and annotated fig. 2; para. 0030;

items 48, 50), and

         (b) an open position in which the at least one elastic connector is subjected to a tensile

force such that the first lower region is pivoted away from the second lower region (when the

adjustment members 28 and 30 are not present, elastic straps 48 and 50 are stretched to open

the lower regions of the helmet; see fig. 1 and annotated fig. 2; para. 0030; items 48, 50).

Jourde does not disclose wherein the first upper region attached to the second upper region by an inelastic connector. However, Jurga teaches a catcher's helmet (fig. 2; col. 2, ll. 53-58; item 10) comprising a first upper region and a second upper region (see annotated fig. 2), wherein the first upper region attached to the second upper region by an inelastic connector (nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jourde, with wherein the first upper region attached to the second upper region by an inelastic connector, as taught by Jurga, in order to optimize the pivot at the upper portion of the helmet by an easy approach for closing and opening the lower portions.

**Regarding claim 12**, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 11, and Jourde further discloses wherein the at least one elastic connector holds the first lower region in engagement with the second lower region without the aid of a locking mechanism (see fig. 1 and annotated fig. 2; para. 0030; items 48, 50).

**Regarding claim 13**, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 11, and Jourde further discloses wherein the at least one elastic connector (elastic straps 48, 50; figs. 1-2) comprises a first elastic connector (elastic strap 48; figs. 1-2) connecting a first side of the first lower region to a first side of the second lower region (see fig. 1 and annotated fig. 2), and a second elastic connector (elastic strap 50; figs. 1-2) connecting a second side of the first lower region to a second side of the second lower region (see fig. 1 and annotated fig. 2).

**Regarding claim 16**, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 11, and Jourde further discloses wherein a first end of the at least one elastic connector (front end of elastic strap 48 or 50; figs. 1-2) is secured to a first side of the first lower region (respectively to left and right attachment points 74 or 76; see fig. 1 and annotated fig. 2; para.

0031), and a second end of the at least one elastic connector (rear end of elastic strap 48 or 50; figs. 1-2) is secured to a second side of the first lower region (respectively to left and right lower holes 70 or 72; see fig. 1 and annotated fig. 2; paras. 0030, 0031).

Regarding claim 17, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 16, and Jourde further discloses wherein a portion of the at least one elastic connector (elastic strap 48 or 50; fig. 1) located between the first and second ends is secured to the second lower region (respectively to left and right lower holes 70 or 72; see fig. 1 and annotated fig. 2).

Regarding claim 18, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 11, but Jourde does not disclose wherein the inelastic connector comprises an inelastic strap that allows for longitudinal adjustment between the first upper region and the second upper region. However, Jurga teaches wherein an inelastic connector comprises an inelastic strap (nonresilient strap 91; see annotated fig. 2; col. 3, ll. 65-67; col. 4, ll. 1-10) that allows for longitudinal adjustment between the first upper region and the second upper region (nonresilient strap 91 is looped through a buckle 92, which is used for longitudinal adjustment between the first upper region and the second upper region; see annotated fig. 2; col. 4, ll. 2-10).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jourde, with wherein the inelastic connector comprises an inelastic strap that allows for longitudinal adjustment between the first upper region and the second upper region, as taught by Jurga, in order to form a pivot at the upper portion of the helmet by an easy approach for closing and opening the lower portions.

14.    **Claim 14 is rejected under 35 U.S.C. 103 as being unpatentable over Jourde (US 2009/0113606 A1) and Jurga (US 5,953,761 A) in view of Jacobsen (US 7,069,601 B1).**

**Regarding claim 14**, Jourde and Jurga, in combination, disclose the catcher's helmet of claim 11, and Jourde further discloses wherein each end of the at least one elastic connector (elastic straps 48, 50; figs. 1-2) passes through a slot in the rear shell (fig. 2; para. 0031; items 70, 72).

Jourde does not disclose wherein each end of the at least one strap is back-folded so that it is prevented from passing back through the slot. However, Jacobsen teaches wherein an end of a strap (see fig. 2C; col. 4, ll. 5-21; item 18F) passes through a slot (fig. 2C; col. 4, ll. 5-21; item 74) in a shell of a helmet (roll rage 70 is a part of a helmet shell; fig. 2C; col. 4, ll. 5-21; item 50), and an end of the strap is back-folded (the end of strap 18F is folded and stitched; fig. 2C; col. 4, ll. 59-65) so that it is prevented from passing back through the slot (the folded end is thicker than the size of slot 74, therefore the strap 18 is anchored in slot 74; fig. 2C; col. 4, ll. 59-67).

Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention, to have modified the catcher's helmet as disclosed by Jourde, with wherein each end of the at least one strap is back-folded so that it is prevented from passing back through a slot, as taught by Jacobsen, in order to provide a safety stop for preventing the at least one strap from accidently being drawn clear through the engagement slot.



**Annotated Fig. 2 from US 2009/0113606 A1**



**Annotated Fig. 2 from US 5,953,761 A**

### *Conclusion*

15.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to AIYING ZHAO whose telephone number is (571)272-3326. The examiner can normally be reached on 8:30 am - 4:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, KHOA HUYNH can be reached on (571)272-4888. The fax phone number for the organization where this application or proceeding is assigned is (571)273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/AIYING ZHAO/
Examiner, Art Unit 3732

/KATHERINE M MORAN/
Primary Examiner, Art Unit 3732