# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RIDDELL, INC., | ) |
|     *Plaintiff*, | ) |
| | ) Civil Action No.: 1:16-cv-4496 |
| v. | ) |
| | ) Judge Matthew F. Kennelly |
| KRANOS CORPORATION d/b/a SCHUTT SPORTS, | ) |
|     *Defendant*. | ) |

**DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW, MOTIONS FOR A NEW TRIAL, AND MOTION FOR REMITTITUR**

**Schutt respectfully moves this Court for a new trial on the issue of reasonable royalty damages.** "A new trial may be granted if the verdict is against the clear weight of the evidence, the damages are excessive or the trial was unfair to the moving party." *Miksis v. Howard*, 106 F.3d 754, 757 (7th Cir. 1997). There is not any basis for the jury's award to Riddell of 10% of Schutt's (approximately) $50,000,000 in accused helmets with a Vengeance shell ("Product") revenues. (Dkt. No. 351.) The jury's royalty base is impermissible as an improper application of the entire market value rule. The jury's royalty rate is impermissible because it bears no relation to any relevant royalty rate evidence presented at trial. Schutt also requests a new reasonable royalty damages trial with respect to Asserted Claim 58 of the '818 patent and Asserted Claim 6 of the '118 patent. Riddell has not presented any evidence whether or to what extent the features of those claims contribute to consumer demand for apportionment purposes. Absent any evidence on that issue, there is no defensible basis for the jury's reasonable royalty damages award with respect to those two claims. Alternatively, Schutt requests that the Court offer Riddell a remittitur. Under the maximum recovery rule, the highest possible reasonable royalty award supported by the evidence is $862,695.

**Schutt also moves this Court for Judgment as a Matter of Law that Schutt's infringement of the Asserted Claims was not willful.** "Under Rule 50, a court may enter judgment as a matter of law when it finds that a reasonable jury would not have a legally sufficient evidentiary basis to support its verdict." *Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018) (citing Fed. R. Civ. P. 50(a)(1)). There is no support for the jury's willfulness finding. Schutt's infringement, if upheld on appeal, was nothing more than typical infringement that does not rise to the level of egregious misconduct. At all relevant times, Schutt operated under the reasonable belief that the Asserted Claims were invalid. Schutt introduced its

Vengeance helmet to market years before the patents-in-suit issued. Schutt simply borrowed the claimed features of the Asserted Claims from pre-existing Schutt helmets. Indeed, Schutt owns intellectual property that covers a rear offset and aligned vent openings—two of the three claimed features of the patents-in-suit. Riddell's 15-month delay after the issuance of the patents-in-suit to sue Schutt also contributed to Schutt's belief that its sale of Vengeance helmets did not infringe a validly issued patent. The only conclusion that the Court can reach on this record is that Schutt's infringement, if any, was not wanton, malicious, and/or bad faith. The Court should grant Schutt JMOL of no willful infringement.

**Schutt also requests that the Court grant its motion for Judgment as a Matter of Law that the Accused Products do not infringe Asserted Claim 6 of the '118 patent.** Claim 6 of the '118 patent states that "the side wall [of the raised central band] has a curvilinear configuration as it extends between the crown region and the rear region of the shell." (PTX001 at claim 6.) The Court construed the term "curvilinear configuration" to mean "walls that curve in the horizontal plane as they extend from the front to the rear of the shell." (Tr. 1247:2-4.) The Accused Products do not have walls that curve in the horizontal plane as they extend from the front to the rear of the shell. (DTX369 (Vengeance).) None of Riddell's technical expert's testimony leads to the contrary conclusion. (Tr. 415:16-416:17, 423:14-20, 428:8-11.) On this record, no reasonable jury could find that Riddell met its burden of proving that the accused Vengeance helmets infringe claim 6 of the '118 patent. The Court should grant Schutt JMOL of non-infringement of Asserted Claim 6 of the '118 patent.

**Schutt also moves for a new trial on priority.** Specifically, the jury's verdict that Riddell met its burden of proving that the Provisional Application provides support for the offset band-related limitations of asserted claims 1, 2, 5, 6, 11, and 40 of the '818 patent (the "Offset

Claims") was against the clear weight of the evidence. The only possible support for those limitations in the Provisional Application is in the drawings—specifically, figures 19 and 20. (Tr. 435:12-16.) Figures 19 and 20 of the Provisional Application fail to provide support for each of the Offset Band Limitations. Additionally, the jury's verdict that Riddell met its burden of proving that the Provisional Application provides support for an "integrally formed" raised central band or rear offset band was against the clear weight of the evidence. The only possible support for an "integrally formed" raised central band in the Provisional Application is in the drawings. (Tr. 435:2-16, 435:21-436:3, 439:18-21.) But both Riddell's and Schutt's witnesses testified that a person cannot tell from a drawing or photograph whether a raised central band is integrally formed. (Tr. 313:14-20, 323:12-324:5, 331:13-15, 439:12-17, 910:9-911:10, 914:6-7, 440:4-441:6, 1118:6-1119:1.) For these reasons, the Court should grant Schutt a new trial on priority.

**And finally, Schutt request that the Court grant it a new trial on invalidity.** First, the jury's verdict that the asserted claims of the '818 patent are not obvious over VSR4 in combination with Bike was against the clear weight of the evidence. Second, the jury's verdict that claims 1, 2, 5, 11, and 50 of the '818 patent and claim 6 of the '118 patent were not obvious over JOFA alone was against the clear weight of the evidence. And third, the jury's verdict that claim 6 of the '118 patent was not obvious over Wilson F2000 in combination with Sears 2442 was against the clear weight of the evidence. The record evidence establishes, and Riddell does not dispute, that VSR4, Bike, JOFA, Wilson F2000, and Sears 2442 are prior art. The record evidence also establishes—through both Schutt's and Riddell's witnesses—that these references disclose all of the claimed features of the Asserted Claims of the patents-in-suit and that one of

ordinary skill in the art would have motivated to combine the various features of these references to achieve the claimed invention.

## CONCLUSION

For these reasons, and for the reasons set forth in Schutt's contemporaneously-filed combined memorandum of law, Schutt requests the aforementioned relief.

Dated: June 17, 2019

Respectfully submitted,

<u>*/s/ James J. Lukas, Jr.*</u>
Richard D. Harris
Howard E. Silverman
James J. Lukas, Jr.
Matthew J. Levinstein
Benjamin P. Gilford
Callie J. Sand
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435

*Attorneys for Defendant Kranos Corporation d/b/a/ Schutt Sports*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 17, 2019.

/s/ *James J. Lukas, Jr.*